[File No. Cr 240]

THE STATE OF NORTH DAKOTA, Respondent, v. IVER R. E. LEE, Appellant.

(50 NW2d 124)

Opinion filed November 30, 1951

*Olaf Braatelien,* for appellant.

*Elmo T. Christianson,* Attorney General, *F. Leslie Forsgren,* State's Attorney, for respondent.

GRIMSON, J. The defendant was arrested upon a warrant issued by Fred W. Dingler, Justice of the Peace on June 4, 1951, charging him with having operated a motor vehicle while under the influence of intoxicating liquor on the public highways in the City of Crosby, Divide County, North Dakota. At a hearing before said justice, held on the same day, on being informed of his rights, he waived a preliminary hearing and was bound over to the District Court by said Justice of the Peace. Bail was furnished. At a special term of the District Court of Divide County, North Dakota, on the 12th day of June 1951, the defendant came into court, accompanied by his attorney. The defendant was then duly arraigned upon said charge and entered a plea of not guilty. When the case was called for trial on July 9, 1951, the defendant's attorney challenged the whole panel under Sec 29-1719 NDRC 1943. That section provides: "A challenge to a panel can be founded only on a material departure from the forms prescribed by law in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn." The challenge was in writing as provided by Sec 29-1720 NDRC 1943 and stated as grounds: 1st. That the County Judge of Divide County is also ex officio Clerk of the District Court of said county as provided by Sec 11-1002 NDRC 1943, and is also acting as County Justice of the Peace for said county. That he was the committing magistrate in this action. That the offices of the county judge and ex officio Clerk of the District Court, and the office of Justice of the Peace are incompatible offices and cannot be lawfully held and the duties thereof performed at one and the same time by any one person. 2nd. "That a clerk of the District Court cannot, in drawing a jury, be allowed to be put in

a position where he can draw a jury to vindicate and uphold his own acts and decisions as a justice of the peace. That the objection to him so acting or to him being afforded the opportunity so to act goes to the integrity and impartiality of this entire panel of jurors and constitutes a substantial irregularity in drawing the jury for this term of court," and he alleges that it is imperative that in drawing the jury the clerk of the district court should be free from bias and partiality in the cases pending before the court which he could not be if he has already heard the cases and made decisions in them as Justice of the Peace. 3rd. That as County Judge and Clerk of Court, Fred W. Dingler qualified on Dec. 30, 1950; that he qualified as County Justice of the Peace on January 29, 1951; that the first office became vacant on his acceptance of the last and renders void the acts of the clerk in drawing the jury panel.

Upon the making of this challenge the record shows that the fact that the same person held the offices of county judge, clerk of the district court, and of justice of the peace, as stated in the challenge, was admitted. An irregularity is claimed because of the participation of the clerk in the drawing of the jury which was to hear the case of a defendant whom he bound over as justice of the peace. No evidence was offered. The court denied the challenge. In the memorandum of that decision the court recited that no objection had been made before the justice and preliminary hearing had been waived. That no objection had been made at the time of the arraignment. And the court stated that he "feels that the rights of the defendant have not been jeopardized" and "that he feels that he has the right to presume that the law in regard to drawing the jury was followed as set forth in the Revised Code of North Dakota."

The defendant now objects that there wasn't a sufficient trial of his challenge as provided by Sec 29–1721 NDRC 1943. It is clear, however, from the record that the facts alleged as the ground for the challenge were not controverted. There was no issue to try. The matter was submitted to the court upon the written challenge. No objection to that method was taken by the defendant at that time. His objection now is without merit.

The case was thereupon submitted to a jury who, after listen-

ing to the evidence and the instructions of the court found the defendant guilty as charged. The defendant was duly sentenced to serve six months in the county jail and pay a fine of $100.00 and costs taxed at $25.00. From the judgment entered thereon the defendant takes this appeal on questions of law only.

On this appeal counsel for the state and the defendant stipulated that the facts alleged in the challenge were true. That the procedure was as heretofore outlined. That the defendant excepted to the ruling of the court on his challenge. That "the issue on this appeal and perhaps the only issue herein revolves around the question of whether or not the office of county judge and ex officio clerk of the district court, and the office of justice of the peace, are incompatible offices so that they cannot both be held by any one person at the same time."

We have in North Dakota no general statute prohibiting the holding of two offices by the same person. On the contrary we have the provision both in the constitution and the statutes that the offices of county judge, of clerk of court and of register of deeds, may be held by the same person in the less populous counties. Sec 173 Constitution, Sec 11–1002 NDRC 1943. We have provisions that the holders of some offices cannot hold any other office but there are not such statutes concerning the offices here involved.

However, "it is a well settled rule of the common law that a person may not, at one and the same time, rightfully hold two offices which are incompatible. 62 CJS Municipal Corporations, Sec 485 c p 924. The acceptance of a second office incompatible with the first vacates first office. Mechem on Public Officers, Sec 420, p 267.

It is hard, and the courts have hesitated to form a general definition of what constitutes incompatibility. Each case is discussed and decided upon its particular facts. The functions and duties of the offices are determinative of whether they are incompatible or not.

In 42 Am Jur Public Officers, Sec 70, p 935, it is said: "Incompatibility of offices does not, it has been said, depend upon the incidents of the offices. For instance the courts, with some

few exceptions, hold that mere physical inability to perform the duties of both offices personally does not constitute incompatibility. It is to be found in the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. Incompatibility of offices exists where there is a conflict in the duties of the offices, so that the performance of the duties of the one interferes with the performance of the duties of the other. This is something more than a physical impossibility to discharge the duties of both offices at the same time. They are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant so that, because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both." See also Kugle v. Glen Rose Independent School Dist. No. 1 (Tex) 50 SW2d 375, 376; Knuckles v. Board of Education of Bell County, 272 Ky 431, 114 SW2d 511; 22 RCL 412, Sec 54; Gulbrandson v. Town of Midland, 36 NW2d 655; Coleman Auditor, v. Hurst, 226 Ky 501, 11 SW2d 133; Dyche v. Davis, 142 P 264, 92 Kan 971. Hermann v. Lampe, Ct of App Ky 194 SW 122.

Bearing in mind the tests here suggested, we look to the law for the functions and duties of the clerk of court and of the justice of the peace. Are there in any phase of the duties of these offices conflicts or inconsistencies which make it contrary to public policy to have them held by the same person?

A comparison between the duties of a clerk of the district court as prescribed by Chap 11–17 NDRC 1943, and the duties of the justice of the peace as prescribed by Chap 33–01 NDRC 1943 shows no conflict in the function of the two offices. The clerk keeps the court records and performs such other duties as directed by the courts or the law. The Justice of the Peace keeps his own records, hears and determines cases within his jurisdiction, holds preliminary examinations and performs such preliminary duties in other matters as prescribed by law. The only contacts between the two offices, pointed out by the defendant, are that the clerk is required by Sec 33–1114 NDRC 1943 to

notify the justice to send up the records on appeal, and Sec 33–0115 where the justice is required to deposit his docket and all papers filed in his office with the Clerk of the District Court. Such contacts are not of such a nature as to make the offices incompatible. The same situations exist when an appeal is taken from a decision of the county judge when he also holds the office of clerk of court. Sec 30–2617 NDRC 1943. All difficulties in this respect disappear when it is borne in mind that each of these offices is separate and distinct even if held by the same person and in the same rooms. The records and files are kept separate and complete so that all these duties can be performed without any conflict, and more expeditiously than if the offices were held by two different persons in two different places.

Other conflicts claimed by the defendant are that the justice of the peace selects his own office with the only limitation that it must be within his jurisdiction. Sec 33–0101 NDRC 1943, and that a justice court is deemed to be always open, Sec 33–0102 NDRC 1943. In the instant case the justice selected the clerk's office. There is no reason why the justice of the peace of the county and the clerk of the district court cannot hold office in the same place and keep both offices open at the same time. In the county seat of the less populated counties the duties of these officers are not so arduous as to make it physically impossible for the same person to attend both. Physical limitations in the discharge of the duties of both offices at the same time are generally held insufficient to make the two offices incompatible. See Anno LRA 1917A 218. Crawford v. Anderson, 155 Iowa 271, 136 NW 128, Ann Cas 1915A 523. That such procedure is not contrary to public policy is indicated by the action of the voters in amending the constitution so that the "county judge shall also be clerk of the district court in counties with a population of 15,000 or less." Art 55 Sec 5, SL 1941.

The defendant calls attention to the fact that because Mr. Dingler holds these two offices he receives separate remuneration for each office. The incumbent is serving two different offices and receives pay for what he does in each. There is no inconsistency caused thereby. That would only tend to en-

courage the faithful discharge of the duties of each office. Dyche v. Davis, Supra.

Defendant refers to Sec 16–1313 NDRC 1943 where the justice of the peace and the clerk are made members of the county canvassing board and claims that as clerk he could call himself in as justice to fill a vacancy on the board. Sec 16–1314, however, provides that "the clerk of the district court *and* the chairman of the Board of County Commissioners" shall call in the justice in such case. That contemplates the calling of another person and eliminates the inconsistency defendant fears.

The duties of the justice of the peace in regard to trials and preliminary examinations are in no way conflicting with the duties of the clerk of the district court. The clerk does not pass upon appeals from justice court.

The duties of the justice in a preliminary examination are, as a "magistrate" to determine whether a public offense has been committed and, if so, whether there is sufficient cause to believe the defendant guilty thereof, Sec 29–0720 NDRC 1943. The definition of "magistrate" includes both justice of the peace and judges of the Supreme Court and of the District Court, Sec 12–0104(12) and Sec 29–0114 NDRC 1943. The clerk is not a magistrate and has nothing to do with the preliminary examination or trials in justice court.

The particular duty relied on by the defendant as showing that the offices of clerk of the district court and justice of the peace are incompatible is the participation by the clerk on the jury board in the selection of a jury for the term of court at which the defendant, whom he had bound over as justice of the peace, was to be tried. While defendant does not allege any prejudice to the defendant thereby, he claims that the functions exercised in the two different capacities are of such a nature as to give the clerk some control over his own acts as a justice and thereby causing an inconsistency contrary to public policy.

The method of selecting jurors is provided in Chapter 27–09 NDRC 1943. The statute contemplates a list of 200 persons qualified for jury duty to be kept by the clerk of the district court. On request of the clerk the county commissioners appor-

tion such number pro rata among the legal subdivisions of the county for the selection of persons qualified for jury duty. The governing board of such subdivisions meets and from three times the number of qualified persons resident of the subdivision apportioned to them selects by lot the number required and forward the names so selected to the clerk of the district court. When the district court orders a specified number of petit jurors to be summoned, the clerk, within three days, meets with the county auditor, county treasurer and sheriff or a majority of them for the purpose of drawing from the list of names so submitted the names of the persons to be summoned. Notice of that meeting is mailed to each practicing attorney of the county. At that meeting the clerk strikes from that list of 200 the names of persons known to be dead or to have removed from the county and he writes each name remaining on such list on a separate ticket. The list and the tickets are checked by the other officers, folded and placed in a box and "one of such officers, other than the clerk of court or his deputy, then proceeds to draw enough of such tickets to equal the number of jurors directed to be summoned," Sec 27–0915 NDRC 1943.

The mere recital of the duties of clerk in connection with drawing of the jury shows that they are not conflicting in any way with the duties of the justice of the peace. The law takes special precaution to guard against any irregularities or unfair action by the clerk in that respect. Neither is there any allegation of any irregularity in the instant case nor of any prejudice suffered by the defendant on account of the clerk of the district court participating in the selection of the jury for the trial of the defendant whom, as justice of the peace, he bound over for trial. The presumption is as the district court found, that the statutes were followed in the drawing of the jury.

Counsel cites the cases of State v. Jones, 130 Wis 572, 110 NW 431, 8 LRA NS 1107, and Adam v. Mengel, (Pa) 8 A 606, as authority that the offices of justice of the peace and county judge are incompatible. Neither case is authority for the defendant. The statutes in both cases differ from ours. In the Jones case the reason given was that it would be against public policy to reduce the number of offices by having one person hold two.

That such is not the case here is shown by the fact that the voters and legislators provided that the offices of county judge and clerk of the district court should be held by the same person mainly for the purpose of reducing the number of officers and the expense thereof in the less populous counties. In the Mengel case the statute provided that the offices of justice of the peace and clerk of any court could not be held by the same person.

On the other hand it is held in Rex v. Plant, 37 NB 500, that the officers of county clerk and justice of the peace are not incompatible. In Kenney v. Goergen, 36 Minn 190, 31 NW 210, it was held that the offices of the clerk of the district court and court commissioner were not incompatible. The court said: "The one is not subordinate to the other, and neither officer can interfere with or has any supervision over the other. There is no such inconsistency in the functions of the two offices as would necessarily prevent one person from properly performing the duties of both."

Under our law a judge of the district court is a "magistrate" qualified to hold a preliminary examination. Secs 12–0104(12) and 29–0114 NDRC 1943. He may also preside at the trial of a defendant whom he, on such preliminary examination, bound over for trial. His duties in each case are different and not conflicting. In the one case he determines whether there is sufficient cause to hold a defendant. In the other whether the evidence is sufficient to find him guilty beyond a reasonable doubt. In The Commonwealth against The Sheriff, 4 Sergeant & Rawle's Reports (Pa) p 274, it is held: "The offices of justice of the peace and associate judge of the court of common pleas are not incompatible with each other." See also Hoy v. State, 53 Ariz 440, 90 P2d 623; Knight v. Maricopa County, 53 Ariz 540, 91 P2d 269; State v. McIntyre, 92 Utah 177, 66 P2d 879. There is even less ground to hold that the duties of the clerk of the district court and of the justice of the peace are conflicting.

The offices of clerk of the district court and a justice of the peace are not incompatible. Consequently the qualification of Mr. Dingler as justice of the peace does not vacate his office of

clerk of court. His acts, therefore, in the selection of the jury are not irregular or void.

The judgment of the district court is affirmed.

MORRIS, C. J., and CHRISTIANSON, SATHRE and BURKE, JJ., concur.