William TARPO, Plaintiff-Appellant,

v.

BOWMAN PUBLIC SCHOOL DISTRICT # 1, a public corporation, Defendant-Appellee.

Civ. No. 9121.

Supreme Court of North Dakota.

July 11, 1975.

Daniel J. Chapman, Bismarck, for plaintiff-appellant.

T. L. Secrest, Hettinger, for defendant-appellee.

Gerald W. Vande Walle, First Asst. Atty. Gen., Bismarck, amicus curiae.

PEDERSON, Judge.

## CASE SUMMARY

This is an appeal by the plaintiff, William Tarpo, from a judgment on a motion for summary judgment granted by the district court of Bowman County on May 28, 1975, dismissing plaintiff's action for an injunction to restrain the defendant school district from denying Tarpo a teaching contract for the school year 1975–1976 and from seeking to find a replacement for the position held by Tarpo as a teacher in the Bowman school. After a hearing on an order to show cause, this court entered an order temporarily enjoining and restraining the school district from hiring a replacement, and set the matter for oral argument on the merits for July 7, 1975.

The judgment is affirmed, and the case is remanded with instructions.

## FACTS

There is no material dispute as to the pertinent facts in this case. Tarpo has been a teacher at Bowman High School for six years. In June 1974 he was elected by the voters of the Bowman Public School District No. 1 to a position on the school board. He continued to teach during the 1974–1975 school term.

In addition to Tarpo, the board members were Pladsen, Fischer, Hinek, and Stearns. The minutes of a board meeting on March 4, 1975, contain the following entry: "The Board then went into Executive Session for teacher evaluation." The minutes of a board .meeting on March 18, 1975, contain the following entry:

"Pladsen moved to contemplate a non-renewal contract for Bill Tarpo. Fischer

seconded it. Voting were: Tarpo—nay; Pladsen—aye; Fischer—aye; Hinek—nay; and Stearns—aye. Motion carried."

Although the minutes of a board meeting on April 7, 1975, were not introduced as an exhibit, an affidavit of Bonnie Zander, the clerk of the school district, states that the official minutes of that meeting show the following:

"Mr. Tarpo appeared before the board and requested an open hearing. Pladsen moved to have the hearing closed and Fischer seconded it. Voting were: Pladsen—aye; Fischer—aye; Tarpo—nay; Hinek—nay; and Stearns—aye. Motion carried. The board then presented reasons why they considered the non-renewal of Mr. Tarpo's contract. After some discussion and explanation of these reasons, the hearing was completed and the NDEA lawyers requested no continuance of this hearing."

The minutes of a board meeting on April 9, 1975, contain the following:

"Tarpo made a motion that Bill Tarpo's contract be renewed. It was seconded by Hinek. Voting were: Tarpo—aye; Fischer—nay; Hinek—aye; Pladsen—aye; and Stearns—aye. Motion defeated. Mr. Tarpo, as a Board member and teacher both, needed a unanimous vote for renewal."

Nowhere in the record on this appeal do we find that the board considered any reason other than that it was expected that Tarpo would not receive a unanimous vote for renewal pursuant to the requirement of § 15–49–02, N.D.C.C.

Tarpo brought this action and the school district moved for a summary judgment. After a hearing at which testimony was taken, the trial court granted summary judgment for the school district and Tarpo appealed.

## ISSUES

The issues as set forth by Tarpo are as follows:

1. Does Section 15–49–02, N.D.C.C., apply to a case in which a teacher is also a member of his own school board?

2. Does Section 15–49–02, N.D.C.C., if it applies to a teacher, deny to such a teacher equal protection of the law?

3. Does Section 15–49–02, N.D.C.C., apply to existing contracts at the time of the teacher's election to the board?

4. Does a teacher, elected to the board at a time when he is a teacher, have a continuing contract which can be discontinued by a majority vote only after procedures under Section 15–47–38, N.D.C.C.?

## DECISION

### I.

Section 15–49–02, N.D.C.C., reads as follows:

"15–49–02. Personal interest in school district contracts prohibited—Exceptions. —No school board member or other school officer shall be interested personally, directly or indirectly, in any contract requiring the expenditure of school funds unless such contract has been unanimously approved by the school board, and a finding made and unanimously adopted by the board and entered into the official minutes that the services or property to be furnished are not otherwise obtainable elsewhere at equal cost. Regardless of this section, any school board, by resolution duly adopted, may provide for the contracting at any time thereafter, for minor supplies or incidental expenses with members of its school board or other school officers, except that the amount thereof shall not exceed that amount required for the acceptance of bids as set forth in section 15–47–15. Any violation of the provisions of this section shall be a misdemeanor."

This is a conflict-of-interest statute and by its clear and unambiguous language ap-

plies to all school board members. The facts in this case raise an entirely different and deeper question in the view of this court. Although the parties did not research and brief the question of common law incompatibility, some discussion thereof occurred at the oral argument, and we are of the opinion that our disposition of that question eliminates any necessity to consider further the issues as described and argued in the briefs.

The law of this State is expressed in § 1–01–03, N.D.C.C., as including:

"1. The constitution of the United States;

2. Treaties made under the authority of the United States;

3. Statutes enacted by the Congress of the United States;

4. The constitution of the state;·

5. The statutes of the state;

6. The ordinances of other and subordinate legislative bodies; and

7. The decisions of the tribunals enforcing those rules, which, though not enacted, form what is known as customary or *common law*." [Emphasis added.]

In addition, §§ 1–01–05 and 1–01–06, N.D.C.C., state that evidence of the common law is found in the court decisions, and that there is no common law in any case where the law is declared by the Code.

This court said in *McLaughlin Oil Co. v. First State Bank of Buffalo,* 79 N.D. 525, 57 N.W.2d 860, 864 (1953), that:

"The common law is therefore adopted by statute as the basic law applicable to civil rights and remedies not defined by the statute. *Reeves & Co. v. Russell,* 28 N.D. 265, 148 N.W. 654, L.R.A.1915D, 1149. Where there is no express constitutional or statutory declaration upon the subject the common law is applied. *Brignall v. Hannah,* 34 N.D. 174, 157 N.W. 1042."

■ Although we have a conflict-of-interest statute applicable to school board members (§ 15–49–02, N.D.C.C.), and we have other statutes not applicable to school teachers or school board members, we have no general statute prohibiting the holding of two incompatible positions. The Forty-fourth Legislative Assembly, meeting in January-April, 1975, considered and rejected House Bill No. 1459, which proposed to add incompatibility language to § 15–47–05, N.D.C.C., as follows:

"A BILL for an Act to amend and reenact section 15–47–05 of the North Dakota Century Code relating to qualifications of school electors and officers.

"BE IT ENACTED BY THE LEGISLATIVE ASSEMBLY OF THE STATE OF NORTH DAKOTA:

"SECTION 1. AMENDMENT.) Section 15–47–05 of the North Dakota Century Code is hereby amended and reenacted to read as follows:

"15–47–05. QUALIFICATIONS OF SCHOOL ELECTORS AND OFFICERS.) Any person who is a qualified elector under the general laws of the state is qualified to vote at the election of school officers in any school district of the state in which he is a resident, and is eligible to the office of school district treasurer, or member of the school board, or may be appointed as a judge or clerk of election. The school district clerk need not be a resident of the district. School board members may not serve as contracted professional employees of the district to which they were elected."

(The underlined language indicates new material in a bill before the Legislature.)

It was stated in *State v. Lee,* 78 N.D. 489, 50 N.W.2d 124, 126 (1951), that " 'it is a well settled rule of the common law that a person may not, at one and the same time, rightfully hold two offices which are incompatible.' " (Citing 62 C.J.S. Municipal Corporations § 485, c., p. 924.)

We applied the common law rule of incompatibility in *Lee* and concluded that the offices of clerk of the district court and justice of the peace were not incompatible. In that case, at 126 of 50 N.W.2d, we said:

> "It is hard, and the courts have hesitated to form a general definition of what constitutes incompatibility. Each case is discussed and decided upon its particular facts. The functions and duties of the offices are determinative of whether they are incompatible or not."

Recognizing that this court said, in *Mootz v. Belyea,* 60 N.D. 741, 236 N.W. 358, 75 A.L.R. 1347 (1931), that "when a teacher is employed by a school district she is not employed as an officer and she does not become an officer," nevertheless, the same test must be applied to determine the compatibility of the two positions held by Tarpo, even though one of those positions is not an "office."

■ The court in Wyoming recently had before it the question which confronts us in this case. In a well-documented decision, *Haskins v. State ex rel. Harrington,* 516 P.2d 1171 (Wyo.1973), it was concluded that " * * * employment as teacher and office as member of the board of trustees of the school district are incompatible within the meaning and intent of the common-law rule." We agree that this is equally applicable in North Dakota.

■ Following *Haskins,* we conclude that there is no constitutionally protected right to hold incompatible offices or employments and that the rule against holding incompatible offices (or positions) does not result in an unconstitutional infringement of personal and political rights.

■ Two offices or positions are incompatible when one has the power of appointment to the other or the power to remove the other, and if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties and obligations to the public to exercise independent judgment.

■ We hold that the adoption of a conflict-of-interest statute (§ 15–49–02, N.D. C.C.) in no way abrogated the common law rule against the holding of incompatible positions. Procedures provided in Section 15–47–38, N.D.C.C., have no application to the circumstances of this case.

The additional issues raised need not be considered in light of the above disposition. "Questions, the answers to which are not necessary to the determination of a case, need not be considered." *Hospital Services v. Brooks,* 229 N.W.2d 69, 71 (N.D.1975).

■ To the extent that *Haskins* held that incompatibility would operate to vacate the board position to which the teacher was duly elected, we do not follow. We believe that the incompatibility may be removed by allowing Tarpo to choose which of the positions he will vacate. Should he choose to vacate his office on the school board, his retention as a teacher would require only a majority vote.

Notwithstanding that we find that the school board acted within its lawful authority, we remand with instructions to the trial court that it direct the school board to permit Tarpo's resignation as a board member, and that if such a resignation be received forthwith that the board make a decision at that time as to whether Tarpo's contract will be renewed and upon what terms.

Because a public question is involved, there will be no costs allowed to either party. The judgment is affirmed, and the case is remanded pursuant to this opinion.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.