ANTHONY S. EARL, Secretary, Department of Natural Resources
You request my opinion whether a member of the Natural Resources Board can at the same time serve as State Director for the Farmers Home Administration.
If there is a bar it would arise, insofar as state law is concerned, from the common-law doctrine of incompatibility of offices or from the eligibility requirement of Wis. Const. art. XIII, sec. 3, which provides in material part:
 "No member of congress, nor any person holding any office of profit or trust under the United States (postmasters excepted) . . . shall be eligible to any office of trust, profit or honor in this state."
This section, in doubtful cases, is to be construed liberally in favor of eligibility to office. 16 Op. Att'y Gen. 480 (1927).
In Martin v. Smith, 239 Wis. 314, 326, 1 N.W.2d 163 (1941), it was stated that Wis. Const. art. XIII, sec. 3, does not deal with incompatibility of offices, but rather with eligibility to office, and that its purpose was intended to protect the state in the exercise of its sovereign power. The case further states that the doctrine of incompatibility of offices which renders it improper from consideration of public policy to permit one person to hold two offices, at the same time, where the nature and duties of the same are in conflict, was part of the common law in force in the Territory of Wisconsin at the time of the adoption of the Wisconsin Constitution and continues by reason of Wis. Const. art. XIV, sec. 13. One who *Page 52 
accepts an office which is incompatible with the one held, vacates the first.
Whereas the common-law doctrine of incompatibility has generally been applied only where two offices are involved, there is a trend to apply the doctrine to positions if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties and obligations to the public to exercise independent judgment. Tarpo v. BowmanPublic Sch. Dist. No. 1, 232 N.W.2d 67 (N.D. 1975).
The Farmers Home Administration, created by order of the Secretary of Agriculture, pursuant to authority in congressional act, is part of the Department of Agriculture. See11 Fed. Reg. 9007 (1946), and ch. 964, 60 Stat. 1062 (1946). The FmHA is headed by an administrator who is appointed by the President with the advice and consent of the Senate. 7 U.S.C. sec. 1981. In addition to the national office and a finance office located in St. Louis, there are 42 state offices, some of which serve more than one state, and approximately 1750 county offices. See 7 C.F.R. sec. 1800.1 (1977). The FmHA is responsible for administering loan and grant and other assistance programs including, among others: Rural Housing, Farm Operating, Soil and Water, Watershed, Resource Conservation and Development, Comprehensive Area Plans and Water and Waste Disposal. 7 C.F.R. sec. 1800.1.
In view of the programs administered by FmHA there are potential conflicts of interest on the basis of duties which might preclude a DNR Board member from also serving as FmHA State Director, irrespective of whether the latter is an office or a position of employment, as the Department of Natural Resources is engaged in programs involving some of the same important areas.
In Martin v. Smith, supra, p. 332, the court cited the following tests, taken from State ex rel. Barney v. Hawkins,79 Mont. 506, 257 P. 411, 53 A.L.R. 583 (1927), with approval:
 "`[T]o constitute a position of public employment a public office of a civil nature, [1] it must be created by the constitution or through legislative act; [2] must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; [3] must have some permanency and continuity, and not be only temporary or occasional; [4] and its *Page 53 
powers and duties must be derived from legislative authority and be performed independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and [5] be entered upon by taking an oath and giving an official bond, and [6] be held by virtue of a commission or other written authority."' (Bracketed material supplied.)
The position of Natural Resources Board member is an office of trust, profit or honor in this state as that phrase is used in Wis. Const. art. XIII, sec. 3. See secs. 15.07 (1), (7) and15.34, Stats.
The question which must be resolved is whether the position of FmHA State Director is a federal office of profit or trust rather than a position of mere employment. In my opinion it probably is an office.
The federal courts have placed a very limited interpretation on the term "officer" as that term is used in the Federal Constitution. In 77 Am. Jur. 2d United States secs. 9 and 10, pp. 15 and 16, it is stated:
 "As a general rule, an officer of the United States is one who holds his place by virtue of appointment by the President, by one of the courts of justice, or by the heads of departments authorized by law to make such appointment; a person in the service of the government who does not derive his position from one of these sources is not strictly, in the sense of the Constitution, `an officer of the United States,' such phrase usually being taken as having a limited constitutional meaning.
. . .
"***
 "[Sec. 10] The distinction between a federal officer and employee does not rest on differences in the qualifications necessary to fill the positions, or in the character of the service to be performed. Whether the incumbent is an officer or an employee is determined by the manner in which Congress has specifically provided for the creation of the several positions, their duties, and appointment thereto. The ordinary criteria may also be resorted to as a means of testing the status of a position, and the court may consider whether the incumbent is with or without tenure, continuing emolument, or continuous *Page 54 
duties, and whether he acts only occasionally and temporarily.
. . .
 "It may here be noted that the term `officer' may be used in an act of Congress in a sense different from that given to it in the Constitution. . . . "
The Farmers Home Administration Act of 1946, ch. 964,60 Stat. 1062 (1946), does not specifically refer to the position of state director; however, it did provide: "That the Administrator of the Farmers Home Administration shall be appointed by the President, by and with the advice and consent of the Senate . . . . TheSecretary shall also have the power to appoint, subject to the provisions of the civil-service laws, such other officers and employees as may be necessary," and further that "The Secretary may administer his powers and duties under this Act through such area finance, State, and local offices in the United States . . . as he determines to be necessary . . . ." (Emphasis added.)
7 C.F.R. sec. 1800.3 (1977) provides
 "Each State Office is under the supervision of a State Director who is responsible to the Administrator, in accordance with established policies and delegated authorities, for the Farmers Home Administration programs in one or more States. State Advisory Committees serve in an advisory capacity to the State Directors on all phases of the Farmers Home Administration programs."
7 C.F.R. sec. 1800.22 (1977) uses the word "officials" when referring to the state director and other high-level personnel. Compare with 7 C.F.R. sec. 1800.23 (1977) which uses the phrase "officials and employees."
7 C.F.R. sec. 1800.22 provides in part:
"National Office Staff and State Directors.
 "The following officials of the Farmers Home Administration, in accordance with applicable laws, are severally authorized, for and on behalf of and in the name of the United States of America or the Farmers Home Administration, to do and perform all acts necessary in connection with making and insuring loans, making grants and *Page 55 
advances, servicing loans and other indebtedness, and obtaining, servicing, and enforcing security and other instruments related thereto: The Deputy Administrator; the Assistant Administrator (Operating Loans); the Assistant Administrator (Real Estate Loans); the Assistant Administrator (Community Services); the Director, National Finance Office; each Deputy Director and the Insured Loan Officer, National Finance Office; the Director, Operating Loan Division; the Director, Emergency Loan Division; the Director, Rural Renewal Division; the Director, Farm Ownership Loan Division; the Director, Rural Housing Loan Division; the Director, Association Loan Division; and each State Director within the area of his jurisdiction; and in the absence or disability of any such official, the person acting in his position; and the delegates of any such official. . . ." (Emphasis added.)
7 C.F.R. sec. 1800.23 provides in part:
"State Office Staff and County Office employees.
 "The following officials and employees of the Farmers Home Administration, in accordance with applicable laws, for and on behalf of and in the name of the United States of America or the Farmers Home Administration, are also severally authorized within the area of their respective jurisdictions to perform the acts specified in paragraphs (k) to (s), both inclusive, of sec. 1800.22: Chief, Program Operations; Chief, Real Estate Loans; Chief, Operating Loans; Program Loan Officer; Real Estate Loan Officer; Operating Loan Officer; and State Supervisor; [etc.] . . . ."
The state director exercises a degree of sovereign power, is appointed by the head of the department authorized by congressional act to make appointments of officials, and although not specifically referred to in such legislation, is treated as an officer in the federal regulations creating such position. It is my opinion that the position of State Director of the Farmers Home Administration is probably an "office of profit or trust under the United States" as that term is used in Wis. Const. art. XIII, sec. 3, and that a person holding such office would be ineligible to, at the same time, serve as a member of the Natural Resources Board. *Page 56 
I further observe that the positions of Natural Resources Board member and of FmHA State Director are both highly responsible positions, the duties of which require substantial amounts of time for satisfactory performance. Whereas this is not a factor with respect to compatibility, it is a factor with respect to practicality and efficiency in the public service. The federal appointee should also be made aware of 24 C.F.R. sec. 0.735-204 (c) (1977), which provides:
 "Full-time employees . . . must obtain the prior approval of the appropriate deputy counselor before engaging in outside employment in the following categories:
"***
 "(2) Employment by State, local, or other governmental body."
BCL:RJV