EVERETT E. BOLLE, Assembly Chief Clerk Committee on AssemblyOrganization
The Committee on Assembly Organization has requested my opinion on four questions involving the authority of a city employe to contemporaneously serve as alderperson.
1. May a city employe contemporaneously serve as alderperson?
The answer to your general question is no. But there may be exceptions which will depend in part on the nature, responsibilities and duties of the specific position of employment involved; whether the council is the appointing authority; the degree of supervisory power exercisable by the council over the position; whether the position was created during the term of such alderperson; the amount of compensation for such position; and whether the council has power to establish, increase or decrease such compensation.
Where there are substantial potential areas of conflict between two offices or an office, such as alderperson, and a position of employment, the rule of common-law incompatibility would preclude the same person from holding both. See general rules as to incompatibility in 58 Op. Att'y Gen. 247 (1969), and 67 C.J.S.Officers sec. 23a, at 133. An employe who was also an alderperson would also have to be careful to avoid criminal liability imposed by sec. 946.13, Stats., as amended by ch. 166. Laws of 1977.
This statute prohibits municipal officers and employes from having a private interest in certain public contracts, but is not applicable where the interest is in contracts which involve receipts and disbursements by the political subdivision aggregating less than $5,000 in any year.
 Section 66.11 (2), Stats., provides: *Page 178 
 "Eligibility of other officers. Except as expressly authorized by statute, no member of a town, village or county board, or city council shall, during the term for which he is elected, be eligible for any office or position which during such term has been created by, or the selection to which is vested in, such board or council, but such member shall be eligible for any elective office. The governing body may be represented on city or village boards and commissions where no additional remuneration is paid such representatives and may fix the tenure of such representatives notwithstanding any other statutory provision. This subsection shall not apply to a member of any such board or council who resigns from said board or council before being appointed to an office or position which was not created during his term in office."
In Martin v. Smith, 239 Wis. 314, 1 N.W.2d 163 (1941), it was stated that the doctrine of incompatibility of offices, which renders it improper from considerations of public policy to permit one person to hold two offices at the same time where the nature and duties are in conflict, was part of the common law in force in the Territory of Wisconsin at the time of the adoption of the Wisconsin Constitution and continues by reason of Wis. Const art. XIV, sec. 13. The case further states that one who accepts an office which is incompatible with the one held vacates the first.
Whereas the common-law doctrine of incompatibility has generally been applied only where two offices are involved, there is a trend to apply the doctrine to positions. or an office and a position if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties and obligations to the public to exercise independent judgment. In Tarpo v. Bowman Public Sch. Dist. No. 1,232 N.W.2d 67 (N.D. 1975), it was held that a teacher serving in a school district could not at the same time serve as school board member. The court held that there was not automatic ouster but that such person could choose which position he desired to continue to serve in. At p. 71 the court stated:
 "The court in Wyoming recently had before it the question which confronts us in this case. In a well-documented decision, Haskins v. State ex rel. Harrington, 516 P.2d 1171 (Wyo. 1973), it was concluded that `*** employment as teacher and office as member of the board of trustees of the school district *Page 179 
are incompatible within the meaning and intent of the common-law rule.' We agree that this is equally applicable in North Dakota.
 "Following Haskins, we conclude that there is no constitutionally protected right to hold incompatible offices or employments and that the rule against holding incompatible offices (or positions) does not result in an unconstitutional infringement of personal and political rights.
 "Two offices or positions are incompatible when one has the power of appointment to the other or the power to remove the other, and if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties and obligations to the public to exercise independent judgment.
 "We hold that the adoption of a conflict-of-interest statute (sec. 15-49-02, N.D.C.C.) in no way abrogated the common law rule against the holding of incompatible positions. . . ."
2. May a teacher employed in a city or joint city school district serve as an alderperson?
I am of the opinion that such person probably can but would have to avoid violation of sec. 946.13, Stats.
In 26 Op. Att'y Gen. 582 (1937), it was stated that a teacher in a city school district could not also at the same time serve as alderperson. However, the statute therein relied upon, sec.62.09 (2)(C), Stats. (1937), is no longer in force. It provided that a city office would become vacant if such officer acquired a pecuniary interest in certain contracts. Under present law, teachers in a city school district and joint city school district are appointed, and salaries are established by the school board. The degree of control exercised by the city council over the teacher is limited and indirect. Where there is a fiscal board, such board rather than the city council has power "to approve the school budget, to levy the general property tax for school purposes and to exercise all other fiscal controls over the city school district which were exercised by the common council prior to the establishment of the fiscal board." Sec. 120.50 (3), Stats.
 3. May a city firefighter serve as alderperson? *Page 180 
4. May a city firefighter serving in emergency situations as an assistant fire chief also serve as an alderperson?
I am of the opinion that such dual service is prohibited under common-law rules of incompatibility. A fire chief in a city is appointed by the board of police and fire commissioners, and the chief appoints subordinates subject to approval of such board. Section 62.13 (7), Stats., provides that "The salaries of chiefs and subordinates shall be fixed by the council"; and subsecs. (7m), (7n), (8), (1Om), (11) and (11a) grant the common council substantial power over the fixing of rest days, hours of labor, type of department and rules for permission to leave the city. These are important areas of concern and would in my opinion preclude the holding of the office of alderperson and the position of firefighter at the same time.
BCL:RJV