## SCANLAN VS. CHILDS.

| 33 | 663 |
|---|---|
| 83 | 164 |
| 33 | 663 |
| 94 | 266 |

STATUTES: (1) *Effect of general understanding of, and long practice under.*
LICENSE: EXCISE LAWS. (2) *Sale of beer or ale in packages lawful.* (3, 4) *Manufacturers of beer or ale may sell without license.* (5) *Charter of Janesville does not extend excise law to new cases.*

| | | |
|---|---|---|
| 33 | | 663 |
| e115 | 3 | 46 |
| e115 | 3 | 47 |
| q115 | 3 | 48 |
| j115 | 2 | 49 |
| j115 | 3 | 49 |

1. The *general understanding* of a law, and constant practice under it for a period of over twenty years, by all officers charged with the execution of it, unquestioned by any public or private action, is strong, if not conclusive, evidence of the true meaning.

2. The manufacture of ale or beer, or other spirituous or intoxicating liquors, being a lawful business in this state (which no statute has prohibited, nor required a license for, nor imposed a duty upon), the sale thereof in packages or casks (according to the custom among makers of such articles) is also lawful, unless restrained by some express statutory provision.

3. The right to sell such liquors, implied in the right to manufacture them, is not abridged by the excise law of this state; the provisions of which as to licenses apply only to the vending of liquors at wholesale and retail by persons who *buy for that purpose*, and not to sales by the manufacturers of articles made by themselves, and put up and disposed of in quantities to dealers, according to the usual custom of such manufacturers.

4. This conclusion is confirmed by the fact that the statute makes no adequate or suitable provision for licensing such sales by the manufacturers.

6. The charter of Janesville does not extend the operation of the excise law to new cases, but was enacted merely to give effect within said city to the requirements of that law as in force throughout the state.

APPEAL from the Circuit Court for *Rock* County.

Action upon a due-bill from *Childs* to *Scanlan* for $37.59, on which was indorsed a payment of $15.10. *Childs* claimed a set-off of $22.50, the amount of an account for beer and ale sold the plaintiff by one Rogers, which account was assigned by Rogers to *Childs*, after the making of the due-bill, but before suit brought. It appeared that Rogers was a manufacturer of beer and ale in Janesville, which he sold in the original

casks, as it was put up, at wholesale to retail dealers in Janesville; that he had a license, thus to manufacture and sell, from the United States, but no license from the city of Janesville; that the account of $22.50 was for ale and beer sold by the barrel and keg, as put up when manufactured by Rogers, to plaintiff, who kept a saloon and sold beer at retail in Janesville, having a city license for that purpose. The court charged the jury, in substance, that the account was not, either in the hands of Rogers, or of defendant as his assignee, a legal demand, because Rogers had no license to sell under the statutes of this state. Verdict for the plaintiff for the amount of the due-bill, less the payment thereon indorsed; and defendant appealed from a judgment upon this verdict.

*Bennett & Sale*, for appellant, argued that, it being lawful to manufacture, there was an implied right to sell the product thus lawfully made. The right to import liquors is held to carry with it the right to sell. The former right being given by the United States, no state has power to prohibit the sale in the original packages of what is thus imported. *Brown v. Maryland*, 12 Wheat., 419; *Thurlow v. Massachusetts*, 5 How., 505; *Bradford v. Stevens*, 10 Gray, 379; *State v. Robinson*, 49 Me., 285; *Lincoln v. Smith*, 27 Vt., 328; Cooley's Con. Lim., 581–584. It being as lawful to manufacture ale and beer in this state as to import liquors under the act of congress, it must be as lawful for the manufacturer to sell what he rightfully manufactures, as for the importer to sell what he rightfully imports. The power of the legislature to require a license of the manufacturer is conceded, but this power has not been exercised in this state. 2. No power is conferred upon the city of Janesville to grant a license to a manufacturer. The provisions of the city charter upon that subject are as follows: "The common council shall have power to grant and issue licenses to hotel, tavern, saloon, grocery, and victualing house keepers, and all persons who may desire to vend or deal in spirituous, vinous or fermented liquors; provided that no license shall issue or be

granted to deal in or sell spirituous, vinous and fermented liquor and liquors for a less sum than fifty dollars for each and *every person* or *place* so licensed, nor shall such license be granted for a greater or less term than one year. And provided further, that no license shall be granted except upon the application in writing of the applicant therein, describing particularly *the place where in said city* he desires to deal in or vend such spirituous, vinous or fermented liquors; nor until he shall, with two or more sureties to be approved by the common council, execute in the presence of the city clerk an instrument in writing, by which such person so applying for such license, and sureties, shall jointly and severally agree to pay the city of Janesville the sum of one hundred dollars for each and every violation of any ordinance, rule or resolution or by-law of said city in relation to the vending or dealing in such liquor or liquors in force in said city at the time of such violation; nor shall the privilege of any license granted under this act be exercised in any other place or building than the one described in the application therefor." P. & L. Laws of 1866, p. 1136, ch. 474, sec. 5. This provision was never intended to include one who manufactures, and sells merely as a manufacturer. The persons to be licensed are those enumerated in the above extract, and although the words " all persons " are broad enough to include a manufacturer, yet the familiar rule of construction is to be applied, that where general words follow particular ones in a statute, they are to be construed as applicable only to persons of the same class. The precise question presented in this case was decided in *City of St. Paul v. Troyer*, 3 Minn., 291.

*Winans & Dixon*, for respondent. [No brief on file.]

Dixon, C. J. It would be a surprise to the legal profession, as well as the business community, we think, were it now to be held that the manufacturer of ale or beer residing within this state and selling the same only by the barrel, keg or cask,

not to be drunk or disposed of, in quantities large or small, in or about his manufactory or premises, but only to be retailed, dealt in and used at other places and by other persons, is required by the excise laws to take out a license for such sale. This would be so, we think, because such has never been the understanding or practice in any part of the state under the excise laws, the provisions of which have been and remained substantially the same for a period of more than twenty years, that is, since the year 1851. Laws of 1851, ch. 162, secs. 1, 2, 5 ; R. S., 1858, ch. 35, secs. 1, 2, 5 ; 2 Tay. Stats., 728–730, §§ 1, 2, 5. The general understanding of a law and constant practice under it for so long a period by all the officers of government whose duty it has been to execute it, unquestioned by any suit brought or public or private action instituted to test or settle the construction in the courts, ought to be very strong, if not conclusive, evidence of its true meaning and application, and that they are such as it has thus received. The manufacture of ale or beer or of any spirituous or intoxicating liquor has never been prohibited by legislative enactment, nor has a license for such manufacture been required or any duty or impost laid thereon by statute. The statutes of the state are silent upon the subject, so that the manufacture cannot but be a lawful pursuit or business ; and, that being so, it seems to follow that the sale in packages or casks, according to custom among the makers of such articles, is also lawful, unless such sale is regulated or restrained by some express statutory provision. The authority to make implies the authority to sell in the accustomed way, except so far as the legislature has imposed some positive restriction or expressly enacted to the contrary. In the absence of any such statutory restriction, the implied right to sell is, as observed by counsel for the defendant, like that arising under the laws of congress regulating trade and commerce with foreign countries, where the authority given to import has been held necessarily to carry with it to the importer the right to sell the imported article in the form and shape in which it was

imported, namely in the original bale, package or vessel as brought in from the foreign country. *Brown v. Maryland*, 12 Wheaton, 419 ; *License Cases*, 5 How., 504, 574. The question presented, therefore, is, whether this implied right has been abridged or taken away by the provisions of the excise law above cited ; and it seems clear to our minds it has not. It is plain from the reading that those provisions apply only to the vending of liquors, at wholesale or retail, by persons who buy for that purpose and to carry on that business, and not to sales by manufacturers of articles made by themselves, and put up and disposed of in quantities to dealers according to the usual course of such manufacture and of the trade connected with it. Particular comment on the language of the statute is deemed unnecessary, but such is the conclusion which, we think, must be arrived at from the whole tenor and scope of its provisions, and the legislative intent manifested by them. The statute may contain words, it is true, which by latitude of construction might include such sales by manufacturers ; but those are restrained, and such construction forbidden, by the context. The practical construction, that which has been so long given to the statute by the executive and administrative officers, is, in our judgment, the correct one ; and it must accordingly be held that the sales in question by the manufacturer were lawful, notwithstanding he had obtained no license to make them.

And this conclusion is confirmed by the consideration, also alluded to by counsel, that no adequate or suitable provision is made by statute for the licensing of such sales by manufacturers, a circumstance which tends very strongly to show that the obtaining of a license was not intended.

The charter of the city of Janesville, the provisions of which are quoted in the brief of counsel for the defendant, seems also to have been relied on as requiring a license. We quite agree with the same counsel that the charter does not extend the operation of the excise law to new cases within the city, but that it was enacted in subordination to that law and in order to give

effect to its requirements in the city, as the same are enforced or intended to be elsewhere throughout the state.

We find no other decision upon the question here considered, except that cited by counsel, and which is directly in point, supporting the views we have felt obliged to take. *The City of St. Paul v. Troyer*, 3 Minn., 291.

The foregoing remarks dispose of all the propositions of law involved in the exceptions taken on the trial in the court below, and all that can be considered on this appeal. It follows that the judgment appealed from must be reversed, and a new trial awarded.

*By the Court.* — It is so ordered.