WILLIAM THEDINGA, Corporation Counsel Dunn County
You have requested an opinion as to whether your county medical examiner may appoint local law enforcement officers as assistant medical examiners despite their lack of medical training. You have also requested an opinion as to whether appointing such law enforcement officers as assistant medical examiners creates an impermissible conflict of interest.
It is my opinion that the appointment of assistants without medical training under your Dunn County ordinance would conflict with my previous opinion in 69 Op. Att'y Gen. 45 (1980). In addition, the appointment of law enforcement officers would create an impermissible incompatibility of office.
I.
 EXPERTISE OF ASSISTANT MEDICAL EXAMINERS
You indicate that medical resources are rather limited in your county. The medical examiner appointed in Dunn County is a licensed internist without specific training in pathology or forensic medicine. From your point of view, it would be beneficial to have appointed assistant medical examiners who have training in law enforcement and homicide investigation, even though they are not licensed in medicine.
The express language of section 59.34 (1), Stats., does not directly require that the position of medical examiner be held by a person licensed in medicine or pathology. Instead, the statute sets forth the following requirements:
 Whenever requested by the court or district attorney, the medical examiner shall testify to facts and conclusions disclosed by autopsies performed by him or her, at his or her direction or in *Page 29 
his or her presence; shall make physical examinations and tests incident to any matter of a criminal nature up for consideration before either the court or district attorney upon request; shall testify as an expert for either the court or the state in all matters where the examinations or tests have been made; and shall perform such other duties of a pathological or medicolegal nature as may be required.
Sec. 59.34 (1), Stats.
As I noted in a previous opinion, this statutory language reflects the legislative intent that the office of medical examiner be held by one who is "able to be qualified as an expert witness in the field of pathology." 69 OP. Att'y Gen. 45, 47 (1980).
There is no statutory provision setting forth the qualifications for assistants to medical examiners. Assistants may simply be appointed by each medical examiner as each county board authorizes. Sec. 59.34 (1), Stats. According to the information you have provided, Dunn County has, by ordinance, authorized the medical examiner to appoint "such number of assistants as he determines from time to time." Section II(B).
I note, however, that your county ordinance uses language which renders identical the powers of the medical examiner and those of the assistants:
Section IV: Duties and Powers of the Medical Examiner
 B. The medical examiner and his assistants shall have all the powers of a constable or sheriff to serve subpoenas requiring the attendance of witnesses at any inquest to be held by such medical examiner or other orders or writs and shall have such other powers conferred by Wisconsin law on medical examiners.
(Emphasis added.)[1]
Because your ordinance grants the same powers for medical examiner assistants as those that are granted to the medical examiner, the same considerations would apply to the assistants as apply to medical examiner positions themselves in light of my previous *Page 30 
opinion at 69 Op. Att'y Gen. 45 (1980). Accordingly, it is my opinion that your ordinance requires that assistant medical examiners possess the training and experience necessary for them to be qualified as expert witnesses in the field of pathology.
II.
 INCOMPATIBILITY OF OFFICE
The Wisconsin Supreme Court established the standard for determining whether two offices are incompatible in State v.Jones, 130 Wis. 572, 110 N.W. 431 (1907). The court held that if one office were superior in some respect to another, so that the duties exercised under each might conflict to the public detriment, the offices were incompatible. Id. at 575-76. In a later case, the supreme court highlighted the public policy considerations by stating that public offices would be incompatible "where the nature and duties of two offices were such as to render it improper from considerations of public policy for one person to discharge the duties of both . . . ."Martin v. Smith, 239 Wis. 314, 326, 1 N.W.2d 163 (1941).
This doctrine of incompatibility of office applies to positions of public employment as well as to public offices. Otradovec v.City of Green Bay, 118 Wis.2d 393, 396, 347 N.W.2d 614 (Ct.App. 1984); Haskins v. State ex rel. Harrington, 516 P.2d 1171, 1174-78
(Wyo. 1973); 63 Am. Jur. 2d Public Officers and Employees sec. 65 (1984).
Earlier opinions of this office have addressed the issues regarding the compatibility of the office of the coroner with that of justice of the peace, 14 Op. Att'y Gen. 374 (1925), and that of a police officer, 33 Op. Att'y Gen. 227 (1944). These opinions rested upon an analysis of the duties involved in the various offices, along with a determination in both opinions that those duties rendered the offices incompatible.
Historically, it has been the coroner who, as a public official, acted in a quasi-judicial capacity in deciding whether grounds existed for conducting an autopsy. Scarpaci v. MilwaukeeCounty, 96 Wis.2d 663, 685, 292 N.W.2d 816 (1980); State ex rel.Kurkierewicz v. Cannon, 42 Wis.2d 368, 381-83, 166 N.W.2d 255
(1969). Coroners were also responsible for deciding whether to have an inquest conducted. Sec. 979.01, Stats. (1981).
The respective duties of coroners/medical examiners, along with those of law enforcement officers and the district attorney, have *Page 31 
been modified somewhat by the 1983 amendments to chapter 979. Under the current statutory scheme, it is only the district attorney who may order an inquest if appropriate grounds exist. Sec. 979.04 (1), Stats.
Despite these changes, the Legislature did preserve the division of the powers of the medical examiner from law enforcement officers in the statutory framework governing preliminary death investigations. The district attorney may request the coroner/medical examiner to conduct a preliminary investigation prior to a decision to order an inquest. Sec.979.04 (3), Stats. It is the district attorney who may determine the scope of the investigation. Id. By the terms of the statute, any other investigation conducted by any law enforcement agency is not to be limited or prevented by the coroner/medical examiner's investigation. Id. By making this division of investigative authority, the Legislature demonstrated its intent to protect the integrity of the separate investigations.
On a practical level, any law enforcement officer serving as assistant medical examiner could be confronted with a conflict of office. The conduct of a death investigation could result in the law enforcement officer, who is also acting as assistant medical examiner, being placed in a position of trying to serve two masters. Conceivably, a district attorney's request for a limited investigation could conflict with the law enforcement agency's plans for investigation. An individual employed both as a law enforcement officer and as an assistant medical examiner would then be required to fill the two conflicting orders. From the standpoint of public policy, such an overlapping of duties would frustrate the legislative plan.
The conflict is particularly manifest in the office of county sheriff. Sheriffs, under the Wisconsin Constitution article VI, section 3, are not to hold any other office. Deputy sheriffs, in carrying out the sheriffs' duties, similarly encounter problems of conflict between their duties and those of the medical examiners' offices.
Under section 59.34 (2), the coroner must perform the duties of sheriff when there is no sheriff or undersheriff. The coroner, under section 59.34 (3), must also serve and execute process and "perform all other duties of the sheriff" when the sheriff is a party or when the clerk of court requests the coroner to do so upon a party's petition under section 59.395 (6). *Page 32 
Ordinarily these duties do not apply by statute to a medical examiner unless the local medical examiner is so authorized in his appointment by the county board. Sec. 59.34 (5), Stats. However, your Dunn County ordinance does provide this same authority which exists under the statute for coroners to your medical examiner as follows:
Section IV: Duties and Powers of the Medical Examiner
 C. The medical examiner shall serve and execute process of every kind and perform all other duties of the sheriff when the sheriff is a party to the action and whenever the clerk of the circuit court addresses the original or other process in any action to him as provided in s. 59.395 (6), execute the same in like manner as the sheriff might do in other cases, and exercise the same powers and proceed in the same manner as prescribed for sheriffs in the performance of similar duties.
If a deputy sheriff, who also served as an assistant medical examiner, were directed to serve such process because the sheriff was a party, that deputy would be violating the separation of duties as mandated by statute. Accordingly, I believe that the office of sheriff or deputy would be incompatible with that of medical examiner in your county for this additional reason.
The same considerations which apply to deputy sheriffs would also apply to law enforcement officers. In many counties the offices of sheriff and other law enforcement agencies overlap, as I have previously noted:
 [I]t has been a well recognized practice for sheriffs in this state to deputize law enforcement officers of other local law enforcement agencies in their county on a cooperative basis. This has been done so as to obviate the jurisdictional problems that might arise because of the limited power such officers otherwise would have to act beyond their municipal boundaries.
68 Op. Att'y Gen. 334, 342 (1979); see also, 61 OP. Att'y Gen. 79, 85 (1972).
In those common situations where law enforcement officers are also deputized, the same conflicts which apply to sheriffs' departments would also apply to other law enforcement agencies. In this *Page 33 
way other law enforcement offices are also incompatible with the office of the medical examiner.
In conclusion, it is my opinion that the appointment of persons as assistant medical examiners, when those persons would not be qualified to testify as expert witnesses in pathology, is not authorized under your Dunn County ordinance. In addition, the appointment of acting members of local law enforcement agencies as assistants to the medical examiner would create an impermissible incompatibility of office.
BCL:BS
[1] Note that the language or your ordinance, regarding "any inquest to be held by such medical examiner," is obsolete in light of 1983 Wisconsin Act 279. It is now a circuit Judge or court commissioner who is empowered to conduct inquests on the order or the district attorney. Sec. 979.04, Stats. *Page 34