PATRICK J. FARAGHER, Corporation Counsel Washington County
DENNIS E. KENEALY, Corporation Counsel Ozaukee County
You have asked for my opinion concerning the compatibility of the office of coroner with that of police officer or assistant chief of a volunteer fire department.
In November 1988, in Washington County a city police officer was elected coroner and in Ozaukee County a second assistant chief of a village volunteer fire department was elected coroner. Because of uncertainty concerning the compatibility of the offices, each person declined the office of coroner.
Mr. Faragher has asked whether the offices of coroner and deputy coroner are incompatible with that of city police officer. Mr. Kenealy has asked whether the office of coroner is incompatible with that of second assistant chief of a village volunteer fire department.
Because no statute covers the question of the compatibility of these offices, it is necessary to refer to the common law rules of incompatibility. 74 Op. Att'y Gen. 51, 52 (1985). The standard for determining whether two offices are incompatible was established by the Wisconsin Supreme Court in State v. Jones,130 Wis. 572, 575-76, 110 N.W. 431 (1907), where the "court held that if one office were superior in some respect to another, so that the duties exercised under each might conflict to the public detriment, the offices were incompatible." 75 Op. Att'y Gen. 28, 30 (1986). In explaining in a later case that public policy determines whether offices are incompatible, the supreme *Page 50 
court said in Martin v. Smith, 239 Wis. 314, 326, 1 N.W.2d 163
(1941), that public offices are incompatible "where the nature and duties of two offices were such as to render it improper from considerations of public policy for one person to discharge the duties of both."
It is not necessary to decide whether deputy coroner, city police officer or assistant chief of a volunteer fire department are public offices or public positions because both offices and positions are covered by the doctrine of incompatibility.Otradovec v. City of Green Bay, 118 Wis.2d 393, 396,347 N.W.2d 614 (Ct.App. 1984), and 75 Op. Att'y Gen. at 30.
At the outset, the distinction between incompatibility of office and conflict of interest should be noted. Quoting from 63A Am. Jur. 2d Public Officers and Employees § 79 (1984), the difference was explained in 74 Op. Att'y Gen. at 52-53:
 Incompatibility of office or a position is not the same as a conflict of interest. Incompatibility of office or position involves a conflict of duties between two offices or positions. While this conflict of duties is also a conflict of interest, a conflict of interest can exist when only one office or position is involved, the conflict being between that office or position and a nongovernmental interest. Incompatibility of office or position requires the involvement of two governmental offices or positions. Moreover, incompatibility of office or position may be sufficient for a vacation of an office when conflict of interest is not.
For the reasons stated in 75 Op. Att'y Gen. at 31-33, I must conclude that the offices of coroner and deputy coroner are incompatible with that of city police officer. In that opinion it was concluded that the appointment of local law enforcement officers as assistant medical examiners would create an incompatibility of office. 75 Op. Att'y Gen. at 31-33. The finding of incompatibility was based upon the conflicting orders the assistant medical examiner/law enforcement officer may receive concerning the investigation of a death that was the subject of an *Page 51 
inquest and upon the conflicts that could arise if the medical examiner were required to carry out the duties of the sheriff when the assistant medical examiner was a deputy sheriff or other law enforcement officer who had been deputized by the sheriff.
An inquest can be ordered only by the district attorney; and he or she can do so when the appropriate grounds exist. Sec.979.04(1), Stats. A conflict that can arise for the police officer who serves as coroner or deputy coroner is the same as the conflict that can arise for the officer serving as medical examiner or assistant medical examiner, which was explained in 75 Op. Att'y Gen. at 31:
 The district attorney may request the coroner/medical examiner to conduct a preliminary investigation prior to a decision to order an inquest. Sec. 979.04(3), Stats. It is the district attorney who may determine the scope of the investigation. Id. By the terms of the statute, any other investigation conducted by any law enforcement agency is not to be limited or prevented by the coroner/medical examiner's investigation. Id. By making this division of investigative authority, the Legislature demonstrated its intent to protect the integrity of the separate investigations.
 On a practical level, any law enforcement officer serving as assistant medical examiner could be confronted with a conflict of office. The conduct of a death investigation could result in the law enforcement officer, who is also acting as assistant medical examiner, being placed in a position of trying to serve two masters. Conceivably, a district attorney's request for a limited investigation could conflict with the law enforcement agency's plans for investigation. An individual employed both as a law enforcement officer and as an assistant medical examiner would then be required to fill the two conflicting orders. From the standpoint of public policy, such an overlapping of duties would frustrate the legislative plan. *Page 52 
Another possible conflict facing the coroner or the deputy coroner, as well as a medical examiner or his assistant, who also serves as deputy sheriff or other law enforcement officer deputized by the sheriff was explained in 75 Op. Att'y Gen. at 31-32.
 The conflict is particularly manifest in the office of county sheriff. Sheriffs, under the Wisconsin Constitution article VI, section 3, are not to hold any other office. Deputy sheriffs, in carrying out the sheriffs' duties, similarly encounter problems of conflict between their duties and those of the medical examiners' offices.
 Under section 59.34(2), the coroner must perform the duties of sheriff when there is no sheriff or undersheriff. The coroner, under section 59.34(3), must also serve and execute process and "perform all other duties of the sheriff" when the sheriff is a party or when the clerk of court requests the coroner to do so upon a party's petition under section 59.395(6).
. . . .
 If a deputy sheriff, who also served as an assistant medical examiner, were directed to serve such process because the sheriff was a party, that deputy would be violating the separation of duties as mandated by statute. Accordingly, I believe that the office of sheriff or deputy would be incompatible with that of medical examiner in your county for this additional reason.
 The same considerations which apply to deputy sheriffs would also apply to law enforcement officers. In many counties the offices of sheriff and other law enforcement agencies overlap, as I have previously noted:
 [I]t has been a well recognized practice for sheriffs in this state to deputize law enforcement officers of other local law enforcement agencies in their county on a cooperative basis. This has been done so as to obviate *Page 53 
the jurisdictional problems that might arise because of the limited power such officers otherwise would have to act beyond their municipal boundaries.
 68 Op. Att'y Gen. 334, 342 (1979); see also, 61 Op. Att'y Gen. 79, 85 (1972).
The possible conflicts arising out of an inquest investigation and the coroner performing the duties of the sheriff were the reasons for concluding that the office of coroner was incompatible with a tribal police officer in 77 Op. Att'y Gen. 293 (1988).
The same conflicts discussed in the opinions in 77 Op. Att'y Gen. 293 and 75 Op. Att'y Gen. 28 lead me to conclude that the offices of coroner and deputy coroner are incompatible with that of the city police officer.
Mr. Faragher also asks for consideration of the conclusion in 20 Op. Att'y Gen. 296, 297 (1931), that the offices of deputy sheriff and constable would be deemed compatible on the basis of a general practice for many years of appointing constables deputy sheriffs. After noting that under the literal application of the law the two offices were incompatible, the opinion cited two supreme court cases for the principle that "the general understanding of a law and the constant practice under it for a long period of years by all officers charged with the execution of it, unquestioned by any public or private action, is strong if not conclusive evidence of its true meaning." 20 Op. Att'y Gen. at 297 citing Scanlan v. Childs, 33 Wis. 663, 666 (1873), andState ex rel. Hayden v. Arnold, 151 Wis. 19, 31, 138 N.W. 78
(1912). Mr. Faragher states that it is currently a common practice for police officers to serve as deputy coroners; and he suggests that this practice should render the offices compatible.
It would not be appropriate to invoke in this opinion the rule of statutory construction used in the 1931 attorney general opinion because I am not satisfied that it is a matter of general practice that police officers serve as deputy coroners or that, if *Page 54 
there is such a practice, it has gone unchallenged. Even if such evidence were presented, rather than invoking a doubtful rule of statutory construction* to approve the service of police officers as coroners or deputy coroners, it would be better if the Legislature authorized such a service. The Legislature recently took such action in 1987 Wisconsin Act 27, section 1217nr where it created section 66.11(4) to provide that a volunteer firefighter or emergency technician in a city, village or town whose annual compensation, including fringe benefits, does not exceed $2,500 may also hold an elected office in that city, village or town. Similar legislation for police officers and coroners or deputy coroners would unmistakably establish the compatibility of the offices.
A possible conflict in investigatory functions, similar to that which renders the offices of coroner and police officer incompatible, also renders the office of coroner incompatible with the assistant fire chief of a village volunteer fire department. The chief of the fire department or his designee is required to investigate fires in which property damage exceeds $500 and fires of unknown origin to determine whether they were the result of negligence, accident or design. Sec. 165.55(1), (10) and (10m), Stats. If a person were killed in a fire and an inquest ordered, the coroner who was also a member of a volunteer fire department may receive conflicting instructions about the investigation of the fire.
The fire chief is also responsible for conducting inspections of buildings to determine and cause to be eliminated any fire hazard or any violation of any law relating to fire hazards or the prevention of fires. Sec. 101.14(2), Stats. The chief may *Page 55 
designate inspectors to make the inspections. Sec. 101.14(2)(d), Stats. If a person is killed in a fire in a building that was inspected or should have been inspected by the fire department, the coroner who also serves in that fire department may face a conflict if there is an inquest investigation. The coroner may have to determine whether the fire department properly inspected the building. The conflict arises if the coroner serves in the fire department that is being investigated.
Because of these possible conflicts I must conclude that the office of coroner is also incompatible with that of assistant chief of a village volunteer fire department.
DJH:SWK
* The rule cited in 20 Op. Att'y Gen. at 297 is of doubtful validity at this time because subsequent decisions of the supreme court have approved the principle that a customary violation of the plain language of a law gives no authority for continuing such violation. Racine v. Morgan, 39 Wis.2d 268, 287,159 N.W.2d 129 (1968). *Page 56