The State, Respondent, vs. Jones, Appellant.

*January 12—January 29, 1907.*

*Officers: Eligibility: Disqualification by holding another office.*

The offices of county judge and justice of the peace are incompatible, and a county judge vacates his office by accepting the office of justice of the peace. *State ex rel. Knox v. Hadley,* 7 Wis. 700, followed.

APPEAL from a judgment of the circuit court for Oconto county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

The appeal is from a judgment ousting the appellant from the office of county judge of Oconto county.

For the appellant there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *J. R. North.* They contended, *inter alia,* that the offices of county judge and justice of the peace are not incompatible. *State ex rel. Barnhill v. Thompson,* 122 N. C. 493, 29 S. E. 720; *State ex rel. Walker v. Bus,* 135 Mo. 325, 33 L. R. A. 616, 620; *Opinion of Justices,* 3 Me. 484; *Bamford v. Melvin,* 7 Me. 14; *State ex rel. Murphy v. Townsend,* 72 Ark. 180. The offices must subordinate, one with the other, and they must, *per se,* have the right to interfere, one with the other, before they are incompatible. *Att'y Gen. v. Detroit,* 112 Mich. 145; *State ex rel. Walker v. Bus,* 135 Mo. 325, 33 L. R. A. 616, 620; *State ex rel. Metcalf v. Goff,* 15 R. I. 505, 2 Am. St. Rep. 921; *State ex rel. Clawson v. Thompson,* 20 N. J. Law, 689; *Bryan v. Cattell,* 15 Iowa, 538; *State ex rel. Murphy v. Townsend,* 72 Ark. 180; Mechem, Pub. Off. §§ 422, 424. The question does not depend on a mere technical conflict. The conflict must be such that, on grounds of public policy, the offices ought not to be held by the same person. *State ex rel. Walker v. Bus,* 135 Mo. 325, 33 L. R. A. 616; *Abry v. Gray,* 58 Kan. 148, 48 Pac. 577; *Att'y Gen. v. Detroit,* 112 Mich. 145, 168.

For the respondent there was a brief by the *Attorney General,* and *McGee & Jeger,* of counsel, and oral argument by *C. A. A. McGee, L. M. Jeger,* and *A. C. Titus,* assistant attorney general.

TIMLIN, J. This action was begun October 12, 1905, and was tried upon an agreed statement of facts establishing that on April 2, 1901, the appellant was elected county judge of Oconto county, qualified, and entered upon the discharge of the duties of that office January 6, 1902. While holding said office and on April 4, 1905, he was elected to the office of justice of the peace in the city of Oconto in said county, and accepted the latter office and entered upon the discharge of its

duties on May 1, 1905. Appellant was re-elected county judge on April 4, 1905, for the term beginning on the first Monday of January, 1906, and on October 18, 1905, qualified for the office last mentioned for the term last mentioned. There are six qualified and acting court commissioners in Oconto county. The term of office of the county judge is four years. Sec. 2441, Stats. 1898. The learned circuit judge in his opinion filed in the case mentioned the instances of *habeas corpus* in which a county judge might be called upon to review the validity of a commitment by a justice of the peace and the statutory power of the county judge to compel the delivery of books and papers by officers to their successors which might be invoked against a justice of the peace. He rested his decision mainly on *State ex rel. Knox v. Hadley,* 7 Wis. 700, and *Milward v. Thatcher,* 2 Term Rep. 81, 7 Eng. Rul. Cas. 320, as there interpreted and applied. In *Milward v. Thatcher, supra,* the action was brought to try the right of the plaintiff therein to have the office of town clerk to which he had been last elected and which was filled by the defendant, who claimed the right to hold for life. The jury having found against the right of the defendant to hold for life, it became unnecessary to decide whether or not the office of jurat held by the plaintiff was incompatible with the office of town clerk to which he was last elected and which he was seeking to hold, because, as stated in the decision, the question of incompatibility of duties would not affect his right to hold the office which he last accepted. But in reply to the argument of counsel that there was in the borough a sufficient number of jurats to hold court without the plaintiff, ASH-HURST, J., said:

"There may be cases in which it would be absolutely necessary for him to sit in that character, as in case of the sickness of the other members; and if there be one possible case in which he might be called upon to act, that is an answer to the argument."

In his separate opinion there is a like *dictum* by Bul-
ler, J. :

"If the king by his charter say there shall be a mayor,
twenty-four jurats, and a town clerk, the corporation cannot
by their own act reduce the number by consolidating two of
these offices."

In *State ex rel. Knox v. Hadley, supra,* these *dicta* seem to
have become the basis of the decision. The relator in a con-
test by *quo warranto* for the office of police justice of the city
of Watertown was held to have no right to that office, because
at thè time he was holding the office of justice of the peace
in the same city. The court said:

"We consider that the two offices are clearly incompatible
with each other, and that one person cannot and should not
hold both of them at the same time. In the plainest terms
the charter gives the city four judicial officers of the grade of
justice of the peace, while, if the relator could make good his
right to the office of police justice, it would in fact have but
three."

This is a strong and authoritative declaration of public pol-
icy. . It is said elsewhere that the incompatibility "which
shall operate to vacate the first office exists where the nature
and duties of the two offices are such as to render it improper
from considerations of public policy for one person to retain
both." Mechem, Pub. Off. § 422 and cases. Preliminary ex-
aminations in criminal cases may be held before a justice of
the peace, county judge, or court commissioner. Ch. 195,
Stats. 1898. The consolidation in one person of the offices of
county judge and justice of the peace diminishes the number
of examining magistrates by one. There is some conflict in
the instances mentioned by the learned circuit court between
the duties of county judge and those of justice of the peace.
It was not an essential element of incompatibility at common
law that the clash of duty should exist in all or in the greater
part of the official functions. If one office was superior to the
other in some of its principal or important duties so that the

exercise of such duties might conflict, to the public detriment, with the exercise of other important duties in the subordinate office, then the offices are incompatible. *State ex rel. Metcalf v. Goff,* 15 R. I. 505, 9 Atl. 226; *State v. Buttz,* 9 S. C. 156; *Rex v. Tizzard,* 9 B. & C. 418; *People ex rel. Ryan v. Green,* 58 N. Y. 295; *State ex rel. Walker v. Bus,* 135 Mo. 325, 36 S. W. 636. The decision of this case is, however, based upon *State ex rel. Knox v. Hadley, supra,* by which we consider ourselves bound under the rule *stare decisis.*

We do not understand that the term of the appellant which was to begin in January, 1906, is affected by the judgment appealed from.

*By the Court.*—The judgment of the circuit court is affirmed.