EUGENE I. LEHRMANN, Director, Board of Vocational, Technical and,Adult Education
You have requested my opinion whether a member of a local district board of vocational, technical and adult education could at the same time serve as a member of the State Board of Vocational, Technical and Adult Education.
I am of the opinion that he could not.
A member of the state board appointed pursuant to sec. 15.94 (3), Stats., for a term is an officer of the State since he is charged by law with the exercise of some portion of the sovereign power of the State.Martin v. Smith (1941), 239 Wis. 314, 332, 1 N.W.2d 163.
A member of a local board appointed pursuant to sec. 38.15 (11), Stats., or of a local district board appointed under sec. 38.155 (5), Stats., also exercises some portion of the sovereign power of the state, and is a public officer and an officer of a minor unit of government.
The general rules of incompatibility are well stated at 58 OAG 247 (1969), in part as follows:
"Public offices may be made incompatible by statute or they may be incompatible according to well-settled principles of common law. In some instances, offices which appear to be incompatible because of a possible conflict of duties or *Page 179 
power of one over the other as to appointment, supervision, and pay, may be designated as compatible by statute.
"Public policy requires, that an office holder discharge his duties with undivided loyalty, therefore, in general terms, two offices are incompatible if there is a conflict of interest or duties, so that the incumbent of one office cannot discharge with fidelity and propriety the duties of both. Incompatibility is not simply a physical impossibility to discharge the duties of both offices at the same time, but is an inconsistency in the functions of the two offices. This might arise, for example, where one office is subordinate to the other, or where a contrariety and antagonism would result in the attempt by one person to discharge faithfully and impartially the duties of both.
"The doctrine of incompatibility of offices applies only to public offices and not to positions of employment. Generally, an individual employed by a government is an officer thereof if, in the performance of his duties, he is invested with some portions of the sovereign functions of government to be exercised by him for the benefit of the public."
A reading of secs. 38.13, 38.15 (12), (13), 38.155 (1), (3), (8), (9), 38.21, and 38.215, Stats., indicates many areas of supervisory control by the state board over the district board in areas of state and federal aid, granting of degrees, boundaries of districts and alterations thereof, and qualifications and fitness of teachers and employes.
I am aware of no statute which would expressly permit a member of a local district board to serve at the same time on the state board. It is my opinion that there are areas of probable conflict and that the superintending power of the state board over the local district board makes the two offices incompatible.
You also indicate that federal funds might be allocated to a private agency on which a member of the state board serves as director. It is not clear from your letter whether such individual is a member of the state board at present or whether he is the person seeking appointment. In any event, further specific facts would be necessary before giving *Page 180 
an opinion on the question. There might be possible violation of sec.946.13, Stats., which prohibits public officers from having a private pecuniary interest in public contracts. It is necessary in each instance to examine the special circumstances, as there are a variety of exemptions. I suggest that you review these sections.
RWW:RJV