OWEN R. WILLIAMS, District Attorney, St. Croix County
You ask whether one individual may serve simultaneously as trustee of a county hospital and as a member of the community mental health, mental retardation, alcoholism and drug abuse board for that county established under sec. 51.42, Stats. This will confirm an oral response previously provided to you. *Page 139 
The rule for determining whether two offices are incompatible is stated in 58 OAG 247 (1969):
 ". . . two offices are incompatible if there is a conflict of interest or duties, so that the incumbent of one office cannot discharge with fidelity and propriety the duties of both. Incompatibility is not simply a physical impossibility to discharge the duties of both offices at the same time, but is an inconsistency in the functions of the two offices. . . ."
If the county hospital is authorized to furnish services to prevent or ameliorate mental disabilities, mental retardation, alcoholism or drug abuse, I am of the opinion that the functions of the two offices in question are inconsistent in at least two areas. Conflict may arise from the statutory powers of each board concerning the governing of county hospitals offering the above services. In addition, there is potential for conflict stemming from the duty of the sec. 51.42 board to contract for necessary services with agencies other than the county hospital.
A county is permitted to establish a county home for relief and support of dependent persons by sec. 49.14, Stats., and to establish a county hospital for treatment of such persons by sec. 49.16, Stats. Section 49.171, Stats., permits a county to establish an infirmary for treatment, care and maintenance of the aged infirm. In addition, sec. 51.25, Stats., provides for the establishment of hospital or facilities for the detention and care of the mentally ill, alcoholics and drug addicts.
Absent establishment of a sec. 51.42 board in a single county, these institutions would be governed by a board of trustees appointed pursuant to sec. 46.18, Stats. Where a 51.42 board has been created in a county, there is question whether a county hospital which furnishes care or services to prevent or ameliorate mental disabilities, mental retardation, alcoholism and drug abuse can be governed by a board of trustees appointed pursuant to sec. 46.18, Stats. The right to govern such hospital may be vested exclusively with the sec. 51.42 board of that county. *Page 140 
Among the purposes of sec. 51.42, Stats., described in subsec. (1) of that statute is the following:
 ". . . to provide for the integration of administration of those services and facilities organized under this section through the establishment of a unified governing and policy-making board of directors; . . ."
In furtherance of that purpose, sec. 51.42 (3) (d) provides that when a single county administers a program under sec. 51.42
(3), the county hospital is to be governed under subsec. (4) of the statute, which provides for the creation of sec. 51.42
boards. The question whether a county hospital offering services under sec. 51.42 may be governed by the sec. 51.42 board to the exclusion of the hospital board of trustees is beyond the scope of this opinion. For purposes of this opinion, it will be assumed that a board of trustees may govern the hospital. The very question of which board is to govern is a source of potential conflict between the boards, and of inconsistency in the respective functions of members of each board.
Further, the sec. 51.42 board may contract with other agencies for necessary services. The interest of a trustee in keeping hospital beds full may sometimes conflict with the interest of a sec. 51.42 board member in providing the most appropriate patient care, when such care may best be obtained by contracting with another public or private facility.
BCL:RJV