Richard P. OTRADOVEC, Plaintiff-Appellant,

v.

CITY OF GREEN BAY and Peter J. Naze,
Brown County District Attorney,
Defendants-Respondents.

Court of Appeals

No. 83–1152. Submitted on briefs January 24, 1984.—
Decided March 13, 1984.
(Also reported in 347 N.W.2d 614.)

For the appellant the cause was submitted on the brief of *Parins, McKay, Mohr & Beilich, S.C.,* and *R. Paul Mohr* of Green Bay.

For the respondent City of Green Bay the cause was submitted on the brief of *James A. Simmonds,* city attorney.

For the respondent Peter J. Naze the cause was submitted on the brief of *Kenneth J. Bukowski,* Brown County corporation counsel.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Richard P. Otradovec appeals a judgment[1] determining that, by accepting the office of alderman on the City of Green Bay Common Council while serving as a residential appraiser in the Green Bay assessor's office, he violated the common law doctrine of incompatibility and sec. 946.13, Stats., and ordering him to choose between the office and position or be subject to prosecution. Otradovec contends that the doctrine and the statute apply only to prohibit persons from holding incompatible public offices. We conclude that the doctrine of incompatibility also prohibits a person holding a public office and an incompatible position of public employment. We affirm the judgment. Our conclusion makes it unnecessary to review the trial court's determination that Otradovec violated sec. 946.13 by retaining both the public office and position of public employment.

Otradovec was elected to the City of Green Bay Common Council while retaining his job as a residential appraiser in the Green Bay city assessor's office under an indefinite term contract. The common council approves the terms and conditions of employment for residential

[1] The document in the record determining the issues and directing Otradovec to choose between his office and position is entitled "Decision." Since this instrument finally determines the action, we treat it on review as a final judgment. *See* § 806.01 (1), Stats.

appraisers after agreement with a local union. Since his election to the common council, Otradovec has not been a union member and has abstained from both contract negotiations and, with the council's permission, voting on matters affecting the union contract that relates to his position. The trial court noted that the mayor appoints the city assessor, subject to the common council's approval. Prior to Otradovec's election to the common council, the Green Bay city attorney advised Otradovec that there might be a "conflict of interest" if he were to simultaneously hold the position of residential appraiser and the office of a common council member.

The trial court concluded that Otradovec accepted a public office incompatible under common law with the position of public employment he already held and ordered him to resign either the office or the position within ninety days.[2] Otradovec argues that under the common law of the state only two public offices, not an office and a position, can be incompatible. We disagree.

■
Whether the common law doctrine of incompatibility can apply to a person holding a public office and a position of public employment is a question of law. We decide questions of law without deference to the trial court. *Katze v. Randolph & Scott Mutual Fire Insurance Co.*, 111 Wis. 2d 326, 330, 330 N.W.2d 232, 234 (Ct. App. 1983).

■
While the Wisconsin Supreme Court has never directly addressed this particular issue, two decisions give guidance on the common law doctrine of incompatibility. In

---

[2] Both the city and the district attorney support the trial court's resolution of which position Otradovec should retain. We therefore restrict our opinion to the question of whether the office of alderman and the position of assistant city assessor are incompatible.

*State v. Jones,* 130 Wis. 572, 575–76, 110 N.W. 431, 432 (1907), the supreme court stated that if one office was superior in some respect to another, so that the duties exercised under each might conflict to the public detriment, the offices were incompatible. In *Martin v. Smith,* 239 Wis. 314, 326, 1 N.W.2d 163, 169 (1941), the court noted that the doctrine applies "where the nature and duties of two offices were such as to render it improper from considerations of public policy for one person to discharge the duties of both."

Otradovec incorrectly asserts that *Martin* "specifically determined there could be no incompatibility unless the two positions involved both constituted public offices." *Martin* was concerned with art. XIII sec. 3 of the Wisconsin Constitution, that makes officers of the United States ineligible to hold "any office of trust, profit or honor in this state." *Id.* It held that the president of the University of Wisconsin was not such an office and that an officer of the United States was therefore not constitutionally ineligible to serve as president of the University of Wisconsin. *Id.* at 333, 1 N.W.2d at 172. *Martin* expressly recognizes that art. XIII sec. 3 "does not deal with incompatibility of offices." *Id.* at 326, 1 N.W.2d at 169.

The common law doctrine of incompatibility extends to positions of public employment as well as public offices. Both *Martin,* 239 Wis. at 326, 1 N.W.2d at 169, and *Jones,* 130 Wis. at 575, 110 N.W. at 432, note the importance of public policy in applying the doctrine. The public detriment in having one person hold incompatible public offices can also exist when one person holds a public office and a position of public employment with duties that might conflict. As a member of the common council, Otradovec has the power to vote on contracts setting the terms of his employment. He may also vote

on approval of the appointment of the city assessor in whose office he must work. These potential conflicts are substantial and establish the incompatibility of the public office and position of public employment Otradovec holds. It does not matter that he may be permitted to abstain from voting in these areas or whether conflicts exist in all or a greater part of the functions of his office and position. *See Jones,* 130 Wis. at 574–75, 110 N.W. at 432. It is sufficient that substantial conflicts might arise that would be detrimental to the public.

Our conclusion is supported by the recent decisions in other states that the trial court relied on. *See Tarpo v. Bowman Public School Dist. No. 1,* 232 N.W.2d 67, 71 (N.D. 1975) (position of teacher incompatible with office of member of board of school district trustees) and *Haskins v. State ex rel. Harrington,* 516 P.2d 1171, 1175–78 (Wyo. 1973) (position of teacher incompatible with office of school board member). *See also Rogers v. Village of Tinley Park,* 451 N.E.2d 1324, 1329 (Ill. App. 1983) (position of police officer incompatible with office of village trustee). We note that the supreme court in *Martin* also looked beyond Wisconsin case law to help define the doctrine of incompatibility.

Because the trial court's order requiring Otradovec to resign either his office or position is affirmed, based solely on its determination that the two are incompatible, we need not consider whether Otradovec has violated sec. 946.13, Stats.

*By the Court.*—Judgment affirmed.