JAMES C. BABLER, District Attorney Barron County
You request my opinion whether the office of county supervisor and the office or position of assistant state public defender are compatible so as to permit the same person to serve in both capacities at the same time. I am of the opinion that they are compatible.
Your statement of facts indicates that one person has been serving as a member of the Barron County Board of Supervisors and as an assistant state public defender at the same time. This person, licensed to practice law in Wisconsin, was elected to the Barron County board and has served as a member of that board since April 1982. On or about September 1, 1985, this same person was appointed as an assistant state public defender to handle cases in Barron, Polk and Rusk counties. He is currently supervisor of the Barron office and primarily handles criminal, criminal traffic, delinquency, paternity, children in need of protection (CHIPS) and child support cases in Barron County.
You note that the Barron County Board of Supervisors appoints a corporation counsel for the county, and you are concerned that this is a source of potential conflict because the county board supervisor-public defender represents interests opposed to those of the corporation counsel in court and administrative cases. Specifically, you've pointed out that the county board supervisor-public defender and corporation counsel could represent opposing interests in paternity, child support and CHIPS matters.
You also note that the Barron County Board of Supervisors votes on salaries for county officials and employes, as well as on budgets for the offices of district attorney, corporation counsel, sheriff and county department of social services. As to the board's fiscal power, your concern is that the county board supervisor-public defender may have an interest in having district attorneys and corporation counsels who do not vigorously prosecute their cases and that the board's budgetary decisions can directly affect the quality of investigation and prosecution. *Page 179 
My finding of compatibility is strongly influenced by the fact that the two posts occupied by the individual in question exist in different units of government, which, although related, have substantially separate structures of organization. The constitution authorizes the Legislature to "confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe." Wis. Const. art. IV, § 22. Section 59.02(1), Stats., provides that "[t]he powers of a county as a body corporate can only be exercised by the board thereof, or in pursuance of a resolution or ordinance adopted by it." A county supervisor is a county officer elected for a definite term who takes an oath of office. Secs. 59.025(3),59.03(3)(d) and 59.13, Stats.
The assistant public defender is either a state officer or he holds a position of state employment. In either event, the common law doctrine of incompatibility is applicable. Otradovec v. Cityof Green Bay, 118 Wis.2d 393, 347 N.W.2d 614 (Ct.App. 1984). Otradovec served as a member of the common council which had power to vote on contracts setting the terms of his employment as an appraiser in the city assessor's office and to vote on approval of the appointment of the city assessor in whose office he must work. The court stated, 118 Wis.2d at 397
 These potential conflicts are substantial and establish the incompatibility of the public office and the position of public employment Otradovec holds. It does not matter that he may be permitted to abstain from voting in these areas or whether conflicts exist in all or a greater part of the functions of his office and position . . . . It is sufficient that substantial conflicts might arise that would be detrimental to the public.
 Otradovec and the cases cited on page 397 of that opinion were concerned with a single governmental unit and with conflicts which could occur between an office which was superior in some respect to another position or office. In the Barron County situation, the office of county board supervisor is not superior with respect to the position of assistant state public defender. Potential conflicts cited by you are indirect as to that state position and are primarily concerned with conflict not as between the office of county board supervisor and assistant state public defender, but with respect to possible animus which might be directed at certain county officers and departments, because of work associations they might have *Page 180 
with the assistant state public defender. Possible conflict from such work associations would be similar to that which might exist if a private attorney who specialized in criminal defense work were to also serve on the county board.[1]
Similarly, this office has recently received citizen inquiries questioning the propriety of teachers' spouses, retired teachers and teachers from other districts sitting on school boards. The complaining citizens feel strongly that those involved with the teaching profession have an inherent bias in favor of increased educational expenditures and against property taxpayers. Though our courts have not had occasion to deal with the issue, decisions from other jurisdictions suggest that it is lawful for such individuals to sit on school boards. See, e.g., Jones v.Kolbeck, 119 N.J. Super. 299, 291 A.2d 378 (1972) and Petitprenv. Wayne-Westland Community Schools, 91 Mich. App. 590,283 N.W.2d 812 (1979).
The court in Otradovec, 118 Wis.2d at 396-97, recognized that the public policy served by the doctrine of incompatibility is avoidance of substantial conflicts that would be detrimental to the public. There is, however, a countervailing public policy favoring the right of electors to be represented by persons of their own choice. See generally, O'Malley v. Macejka,44 N.Y.2d 530, 378 N.E.2d 88, 89-90 (1978). In the absence of conflicts of the type evident in Otradovec, it is my opinion that the ultimate determination of whether the assistant state public defender's presence on the county board presents a threat to law enforcement services ought to be reserved to the voters of Barron County.
Nonetheless, the county supervisor-assistant state public defender would have to attempt to avoid situations in which the county was the opposing party in a lawsuit or administrative proceeding. In 72 Op. Att'y Gen. 61 (1983), it was stated that the state *Page 181 
public defender does not have authority to represent indigents in civil forfeiture actions including traffic violations. Some county ordinances are enforced through civil forfeiture actions. The duties of the state public defender are set forth in section977.05(4) and I am not aware that the county would be the plaintiff in situations there involved.
You may wish to inquire of the Board of Professional Responsibility with respect to attorney-client ethical considerations and of the state public defender as to any employment rules such office may have with respect to office holding by assistant state public defenders. It can be argued that an assistant state public defender may place a client at a disadvantage if he or she cannot plea bargain to have a charge changed to a county ordinance violation because of a conflict or the appearance of a conflict.
BCL:RJV
[1] In 62 Op. Att'y Gen. 118 (1973), it was stated that under the then statutes appointment of counsel for an indigent involving a public contract and a county board supervisor who was also an attorney would risk violation of section 946.13 if he or she entered into a contract exceeding the $2,000 maximum annual receipts and disbursements figure. An officer or employe cannot avoid violation of section 946.13(1)(a) by abstention from voting where such person enters into or negotiates for a non-exempt public contract in which such person has a private pecuniary interest if "at the same time he is authorized or required by law to participate in his [official] capacity as such officer . . . in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part . . . ." Your statement of facts does not indicate any public contract involvement and specifically none in which the county supervisor-assistant state public defender is alleged to have a private pecuniary interest. *Page 182