LAVERNE MICHALAK, District Attorney Trempealeau County
You advise that two questions have arisen regarding the appointment of your county health care center administrator to the county community programs board, created by your county board under section 51.42, Stats., by ordinance in 1985 (hereafter "51.42 board"). Your county does not have either an elected county executive or an appointed county administrator.
You ask whether the appointment of such county health care administrator to the 51.42 board (1) gives rise to a potential conflict of interest of a substantive nature and (2) violates the terms of your county's ordinance creating the 51.42 board. For reasons more fully set forth hereafter, it is my opinion that such appointment does indeed create a conflict of interest and that the offices of member of such 51.42 board and county health care center administrator are incompatible. It is therefore unnecessary to address your remaining question.
I understand that the county health care center involved in your question is a county health care institution which is under the management of a board of trustees appointed by the county board under section 46.18. Such trustees appoint to "the office of superintendent or administrator" of such institution, exercise the power of removal from such office and prescribe its duties.See secs. 46.18(2) and 46.19(1) and (2), Stats. By virtue of his office, the superintendent is also the secretary of the board of trustees. Sec. 46.18(5), Stats.
You indicate that the administrator of the county's health care center is also a member of the governing board of a private human services agency located in the county and that both the center and that agency contract with the 51.42 board to provide services for persons needing mental health related services. In 1987 the51.42 board purchased services from the center totaling over $80,000. During the same year, the 51.42 board purchased $236,000 of services *Page 151 
from the nongovernmental agency (affiliated with a medical hospital).
In my opinion, under the circumstances you describe, the same person may not serve simultaneously as the administrator or superintendent of a county health care institution, appointed under section 46.19(1), and as a member of a county community programs board, appointed under section 51.42(4).
The rule for determining whether two offices are incompatible is stated in 58 Op. Att'y Gen. 247 (1969):
 [T]wo offices are incompatible if there is a conflict of interest or duties, so that the incumbent of one office cannot discharge with fidelity and propriety the duties of both. Incompatibility is not simply a physical impossibility to discharge the duties of both offices at the same time, but is an inconsistency in the functions of the two offices.
See also 74 Op. Att'y Gen. 50, 52-54 (1985). Moreover, "[t]he common law doctrine of incompatibility extends to positions of public employment as well as public offices," and where the potential conflicts are substantial the incompatibility is not avoided by the holder of the public office and position of public employment abstaining from voting in those areas. Otradovec v.City of Green Bay, 118 Wis.2d 393, 396, 397, 347 N.W.2d 614 (Ct. App. 1984).
Relying upon the common law rule for determining incompatibility of offices, this office has previously opined that in the situation where a county maintains a hospital authorized to furnish services to prevent or ameliorate mental disabilities, etc., the offices of trustee of such county institution and member of the 51.42 board are incompatible. 65 Op. Att'y Gen. 138 (1976). Although the office involved in your fact situation is that of administrator or superintendent of such county health care institution, rather than trustee, the obvious interests and required allegiance attending each office, as well as the potential conflicts which confront each officer, are essentially the same.
One of the principal responsibilities of the 51.42 board is to oversee "all care of any patient in a state, local or private facility under a contractual agreement between the county department of community programs and the facility" (section51.42(3)(as)1.), which responsibility would include determinations as to the need for inpatient care in any such facility and judgments concerning the *Page 152 
allocation of services where necessary to reflect the availability of limited services. See sec. 51.42(3)(aw)2., Stats. When an administrator of a county health care institution who is appointed as a 51.42 board member would be called upon to deal with the same board of trustees which functions as his superior in another context, and in reference to issues affecting the very institution of which he or she is principal responsible operating officer, the potential conflicts of interest which would arise are obvious and real.
A public official, such as the 51.42 board member you describe, who has private business interests touching on the board's activities, also has further potential conflicts of interest which are distinguishable from those which give rise to incompatibility of office, but which may have equally serious consequences. Just as the interest of a trustee of a county hospital in keeping hospital beds full could present a potential conflict creating an incompatibility with the office of a 51.42
board member, the similar interest of a member of the governing board of a private human services agency in keeping such agency's facility at full capacity "may sometimes conflict with the interest of a sec. 51.42 board member in providing the most appropriate patient care, when such care may best be obtained by contracting with another public or private facility." See 65 Op. Att'y Gen. at 140. A person holding a public office may not place himself in a position where his private interest and his public duty conflict and must be free from influence other than that which arises from his obligation to the public at large.Heffernan v. Green Bay, 266 Wis. 534, 541, 64 N.W.2d 216 (1954). Under the circumstances you describe, the 51.42 board member involved clearly risks violation of section 946.13, which imposes criminal and civil sanctions for prohibited practices involving private interest in public contracts. See State v. Stoehr,134 Wis.2d 66, 396 N.W.2d 177 (1986).
Section 51.42(4), which provides for the creation of 51.42
boards, does not specifically address the issue of the appointment of providers to a 51.42 board. However, counties may establish a county human services department, under section46.23, which assumes and exercises the combined powers and duties of the county's departments under sections 46.22, 51.42 and51.437. Sec. 46.23(3)(b)1., Stats. Section 46.23(4)(a)1., which relates to the composition of the county human services board, does expressly state that "[n]o public or private provider of services may be appointed" *Page 153 
to such board. While the latter statutory provision refers to a section 46.23 combined services board, it is also a specific legislative recognition of the potential conflict which exists where providers are represented on a board exercising section51.42 and similar contracting authority.
In light of the foregoing discussion, it is unnecessary to address your second question, which asks whether the appointment of such superintendent to replace the fifth county board member on such 51.42 board violates the provisions of the Trempealeau County ordinance which requires that five members of the 51.42
board be county board members. Moreover, a proper response to such inquiry is conditioned upon the detailed and studied consideration of various facts most readily available locally and upon legal and other considerations most easily identified and explored by the municipal attorney who routinely performs the duty of drafting such local legislation and rendering advice to the municipal officers concerning its implementation. As I recently explained in 77 Op. Att'y Gen. 120 (1988), except in extraordinary circumstances, I will not issue opinions concerning the meaning or intent of such municipal ordinances in the future.
DJH:JCM *Page 154