ROBERT P. SORENSEN, PH.D., State Director Wisconsin Board ofVocational, Technical and Adult Education
You ask numerous questions concerning appointments to vocational, technical and adult education district boards. Your first, second and third questions are:
 1. If a sheriff is appointed to and assumes a position on a vocational, technical and adult education district board, has the sheriff violated Article VI, Section 4(3) of the Wisconsin Constitution?
 2. If the answer is yes, would this create a vacancy in the office of sheriff by operation of the common law principles applicable to holding incompatible offices?
 3. If your answer is again in the affirmative, would vacation of the individual's sheriff office result in vacation of his district board office by operation of sec. 38.08(2m), Stats., as created by 1987 Wisconsin Act 94?
The answer to each of these questions is yes. Article VI, section 4(3) of the Wisconsin Constitution deals with incompatibility of offices and provides that "[s]heriffs shall hold no other office." The leading case in Wisconsin establishing criteria to determine whether one is an officer or a mere employe of the state is Martin v. Smith, 239 Wis. 314, 1 N.W.2d 163
(1941). Burton v. State Appeal Board, 38 Wis.2d 294, 299,156 N.W.2d 386 (1968). This office has often been called upon to apply the Martin criteria to various factual situations and indeed has already done so in response to the same question you now ask. 60 Op. Att'y Gen. 178 (1971) concluded that a member of a local district board of vocational, technical and adult education exercises some portion of the sovereign power of *Page 257 
the state and is therefore "a public officer and an officer of a minor unit of government." See also 63 Op. Att'y Gen. 453, 454 (1974). By assuming a position on the district board, a sheriff would hold a second public office in violation of article VI, section 4(3) of the Wisconsin Constitution.
The common law as to incompatibility of offices was in force in the territory of Wisconsin at the time the constitution was adopted and continues in force until altered or suspended by the Legislature. See Wis. Const. art. XIV, sec. 2. Under the common law, if a person holding a public office accepts another public office or other public employment incompatible with the position he or she holds, the person ipso facto vacates the first office.Martin, 239 Wis. at 326, and Otradovec v. City of Green Bay,118 Wis.2d 393, 396, 347 N.W.2d 614 (Ct.App. 1984). By accepting the office of district board member at the same time the person held the office of sheriff, a person would thereby vacate the latter. (See, however, 73 Op. Att'y Gen. 83 (1984) regarding possible de facto status of the sheriff in such a position.)
Section 38.08(2m), Stats., as created by 1987 Wisconsin Act 94 states that "[a]ny member of a district board serving as an elected official under sub. (1)(a)2 shall cease to be a member upon vacating his or her office as an elected official." Inasmuch as section 38.08(2m) applies only to board members serving as elected officials, I will assume that the sheriff in the situation you describe is serving in that capacity. Under the plain meaning of that statute, once the person in the situation you describe vacates the office of sheriff by operation of the common law, he or she would cease to be a member of the board.
Your fourth, fifth and sixth questions are:
 4. If a circuit judge is appointed to and assumes a position on a vocational, technical and adult education district board, has the judge violated Article VII, Section 10(1) of the Wisconsin Constitution?
 5. If the answer is yes, would this create a vacancy in the office of circuit judge by operation of the common law principles applicable to holding incompatible offices?
 6. If your answer is again in the affirmative, would vacation of the individual's circuit judge office result in vacation of his district *Page 258 
board office by operation of sec. 38.08(2m), Stats., as created by 1987 Wisconsin Act 94?
The answer to each of these questions is yes. Article VII, section 10(1) of the Wisconsin Constitution also deals with incompatibility of offices and provides that "[n]o justice of the supreme court or judge of any court of record shall hold any other office of public trust, except a judicial office, during the term for which elected." County judges are county officials.State ex rel. Sachtjen v. Festge, 25 Wis.2d 128, 130 N.W.2d 457
(1964). The term "office of public trust" is used synonymously with "public office." See, e.g., 50 Op. Att'y Gen. 6 (1961). Again, assuming that the judge is serving on the board as an elected official, the same analysis applies as was undertaken in answer to your first three questions, and my conclusions are also the same.
Your seventh question is:
 7. When an individual is appointed to a district board by the appointment committee, is approved by the State Board and then loses his or her status as an employer or employe prior to entering the office of district board member, can the individual take the oath of office and enter upon the duties of district board member?
I am of the opinion that the individual may not do so. ArticleIV, section 28 of the Wisconsin Constitution provides that "all officers, executive and judicial, except such inferior officers as may be by law exempted, shall before they enter upon the duties of their respective offices, take and subscribe an oath or affirmation." The law providing for vocational, technical and adult education, including the creation and duties of district boards is found at chapter 38. That chapter does not expressly require board members to take and subscribe an oath, nor does it exempt them from doing so. However, section 19.01(4)(j) provides that official oaths and bonds of all members of a VTAE district board are to be filed with the secretary of that district. It is, therefore, apparent that district board members are not exempted from taking the oath.
Furthermore, section 19.01(5) states that "[e]very public officer required to file an official oath or official bond shall file the same before entering upon the duties of his office." The filing of an oath is thus an additional qualification for taking office. Accordingly, I conclude that when an individual loses his or her prerequisite status *Page 259 
prior to filing the oath, that person has not fully qualified for the office and loses his or her eligibility for appointment.
Your eighth and ninth questions are:
 8. When an elected official member of a district board vacates his or her elected office, does that member continue to serve until his or her successor is appointed and qualified or does the member immediately cease to be a district board member?
 9. Would the same hold true if any of the events that create a vacancy under Chapter 17, Stats., occur?
In my opinion, once an elected official district board member "vacates" his or her elected office as that word is defined in chapter 17, that person immediately ceases to be a member of the board. Section 38.08(2) provides that "[m]embers of a district board shall serve until their successors are appointed and qualified." 1987 Wisconsin Act 94 created a new subsection of that statute, section 38.08(2m), which reads as follows: "Any member of a district board serving as an elected official under sub. (1)(a)2 shall cease to be a member upon vacating his or her office as an elected official."
I see no ambiguity in these provisions, and no conflict between the two. Pursuant to newly created section 38.08(2m), once an elected official board member vacates his or her elected office, that person "shall cease to be a member." Once that person ceases to be a member, section 38.08(2) no longer applies, inasmuch as on its face it concerns itself only with "members of a district board."
With respect to your ninth question, section 17.03 sets forth the circumstances under which a public office shall be deemed vacant. Clearly, when an individual vacates an elected office in one of the ways enumerated in section 17.03, the individual has vacated his or her elected office for purposes of section38.08(2m).
Your tenth question is:
 10. Can an appointment committee change the time of a previously noticed meeting under sec. 38.10(2)(d)3, Stats., within 14 days of that meeting without publishing a new notice and once again allowing for a 14 day period prior to holding the meeting?
I conclude that it may not. Section 38.10(2)(d)3. sets forth the minimum time within which appointment committee meeting notices must be published. In pertinent part, it provides as follows: *Page 260 
 Notwithstanding s. 19.84(3), the appointment committee shall publish a notice of any meeting or public hearing at which the appointment committee will consider the filling of any vacancy on the district board or any other matter pertaining to the appointment of district board members at least 14 days before the meeting or public hearing.
In addition, section 19.84(2) provides that "[e]very public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting . . . ." Taken together, these two statutes require that notice of the time of upcoming meetings or hearings must be given at least fourteen days prior to holding the meeting. Anything less would violate these provisions.
Your eleventh and final question is:
 11. Who is considered to be an officer of a governmental unit eligible under sec. 38.10(1m), Stats., to represent a county board chair or school board president at an appointment committee meeting?
In my opinion, any individual who meets the test set forth inMartin is eligible to do so. Section 38.10(1m) states: "An appointment committee member may designate another officer of his or her governmental unit to represent the member at appointment committee meetings." The commentary attached to your request would seem to imply that it is necessary that a particular position be denominated in either the statutes or Wisconsin Constitution as an "officer" before it can be considered as such for purposes of section 38.10(1m). I do not believe this to be a necessary prerequisite.
As was noted in answer to your first three questions, Martin is the leading case in Wisconsin establishing criteria to determine whether one is a public officer or instead an employe. The Martin
test has been utilized for purposes other than analysis of incompatibility of offices issues. See, e.g., Heffernan v.Janesville, 248 Wis. 299, 307, 21 N.W.2d 651 (1946) (whether a city patrolman was a public officer for the purpose of determining whether he was entitled to his salary during the time he was improperly suspended from duty); Burton v. State AppealBoard, 38 Wis.2d 294, 299, 156 N.W.2d 386 (1968) (whether members of an agency school committee were state employes rather than officers for the purpose of determining whether a delegation of legislative power to them was unconstitutional); and Wis. LawEnforce Stds. Bd. v. Lyndon Station *Page 261 Vil., 98 Wis.2d 229, 239, 295 N.W.2d 818 (Ct.App. 1980) (whether a village police chief was a public officer for the purpose of determining whether a state constitutional provision prohibiting convicted felons from holding public office applied to him). See also 60 Op. Att'y Gen. 178 and 74 Op. Att'y Gen. 208 (1985).
The Martin criteria are as follows:
 "to constitute a position of public employment a public office of civil nature, it must be created by the constitution or through legislative act; must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; must have some permanency and continuity, and not be only temporary or occasional; and its powers and duties must derived from legislative authority and be performed independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and be entered on by taking an oath and giving an official bond, and be held virtue of a commission or other written authority."
Martin, 239 Wis. at 332. Among these criteria, possession of "a delegation of the sovereign power of government to be exercised for the benefit of the public" has been recognized as the sinequa non for public office. Martin, 239 Wis. at 332; 74 Op. Att'y Gen. at 212. For a position to be a public office, it need not meet all of the Martin criteria. Burton, 38 Wis.2d at 303. The principal consideration is the type of power that is wielded.Burton, 38 Wis.2d at 300.
Whether any particular position qualifies as a public office under the Martin test must, of course, be addressed on a case-by-case basis. With the aid of Martin and the direction provided in this and previous attorney general opinions, I trust that your counsel will be in a position to provide the appropriate analysis as the need arises.
DJH:BLB *Page 262