A.R. HANSON, Corporation Counsel Shawano County
You have requested my opinion on two questions: (1) May a member of the Menominee Indian Tribal Police serve as the duly elected coroner for Menominee County, and (2) May a Menominee Indian Tribal Conservation Warden, with arrest powers, hold the position of Deputy Menominee County Coroner?
You state in your opinion request that the elected Menominee County coroner (a part-time position) is employed on a full-time basis by the Menominee Tribe in the tribal police department, and that the Menominee Indian Reservation and Menominee County are coterminous except for one parcel of land located in the Town of Red Springs in Shawano County which recently was declared to be part of the Menominee Reservation. Based on telephone conversations with local officials, I understand that members of the Menominee County Sheriffs Department and the Menominee tribal police force may be cross-deputized on an as-needed basis.
You also state that you have rendered an informal opinion to the Menominee County Board that the offices of Menominee County coroner and tribal police officer could give rise to an impermissible conflict of interest. I conclude that the two governmental positions may conflict and are therefore incompatible. I do not believe, however, that the positions of deputy Menominee County coroner and Menominee Indian tribal conservation warden are incompatible.
The Wisconsin Supreme Court established the standard for determining whether two offices are incompatible in State v.Jones, 130 Wis. 572, 110 N.W. 431 (1907). In Jones, the court held that if one office was superior in some respects to another office, so that the duties exercised under each office might conflict to the public detriment, the offices were incompatible.Id. at 575-76. The court's holding in Jones essentially followed the common law doctrine of incompatibility of offices. Under the common law, no person holding *Page 294 
a public office or position of public employment can hold a second incompatible public office or position of public employment. In Wisconsin, the common law doctrine of incompatibility continues in force because neither the constitution nor legislation have altered or suspended the doctrine. See Wis. Const. art. XIV, § 2.
The common law doctrine of incompatibility of public offices has, however, been supplemented in Wisconsin by various constitutional and statutory provisions. Article VI, § 4(3) of the Wisconsin Constitution, for example, provides that "sheriffs shall hold no other office . . . ." Similarly, art. XIII, § 3
of the Wisconsin Constitution provides that "No member of Congress, nor any person holding any office of profit or trust under the United States . . . shall be eligible to any office of trust, profit or honor in this state." While these constitutional provisions seem very similar, their practical effects are quite different. Where a constitution or statute forbids the holding of two offices by the same person, one holding two offices in violation of the law must surrender the first position. 77 Op. Att'y Gen. 256 (1988); see also Martin v. Smith, 239 Wis. 314,326, 1 N.W.2d 163 (1941); State ex rel. Butera v. Lombardi,146 Conn. 299, 150 A.2d 309, 310 (1959); 67 C.J.S. Officers andPublic Employees § 32b (1978). Conversely, where a constitution or statute provides that a person holding one public office shall be ineligible for another office, one accepting a second public office in violation of the law must give up the second office. Martin, 239 Wis. at 326; Hetrich v. CountyCommissioners of Anne Arundel County, 222 Md. 304, 159 A.2d 642,644 (1960); 67 C.J.S. Officers and Public Employees § 32b (1978). These constitutional and statutory provisions against dual office-holding apply regardless of whether the two positions are incompatible under the common law doctrine.
Because there is no constitutional or statutory provision preventing coroners from holding or being eligible for a second public office, it is necessary to consider whether the common law doctrine of incompatibility applies in the circumstances you describe. In Martin v. Smith, the supreme court highlighted the public policy considerations behind the doctrine of incompatibility by stating that public offices are incompatible "where the nature and duties of two offices [are] such as to render it improper from considerations of public policy for one person to discharge the duties of both . . . ." Id. at 326. The doctrine of incompatibility of office applies to positions *Page 295 
of public employment as well as to public offices.Otradovec v. City of Green Bay, 118 Wis.2d 393, 396,347 N.W.2d 614 (Ct.App. 1984).
Earlier opinions of the attorney general have addressed the issues regarding the compatibility of the office of coroner with that of justice of the peace, 14 Op. Att'y Gen. 374 (1925), and that of a police officer, 33 Op. Att'y Gen. 227 (1944). These opinions concluded that the position of coroner is incompatible with both positions. Whether the position of county coroner is incompatible with the position of tribal police officer has not been addressed.
As a preliminary matter, it is necessary to consider whether the common law doctrine of incompatibility of offices applies to persons holding incompatible offices under different sovereigns, in this case, tribal government. The policy considerations underlying the doctrine of incompatibility suggest that the doctrine does apply to this situation. The doctrine exists to preclude one person from holding two public offices the duties of which could give rise to possible conflicts of governmental interests. See, generally, 63A Am. Jur. 2d., Public Officers andEmployees, § 65 (1984). This consideration applies to positions existing under different sovereigns as well as to positions existing under one sovereign, as evidenced by various state laws forbidding one person from simultaneously holding a state office and an office under another government.
Where the doctrine has been applied to offices existing under two sovereigns, however, the effect of the doctrine has sometimes been modified. Under the traditional common law rule, the one occupying the two positions would have to give up the first position. 77 Op. Att'y Gen. 256 (1988). In this case, the first position is the position of tribal police officer. The traditional common law rule cannot compel this result, however, because the state has no authority to disqualify one from holding an employment position with a different sovereign government.See, e.g., De Turk v. Commonwealth, 129 Pa. 151, 18 A. 757
(1889). Where public offices under different sovereigns are found to be incompatible, the traditional common law rule has been amended so that the holder of the two positions must give up the position held under the government declaring the incompatibility.Id. Analysis of the duties of coroner and tribal officer, therefore, is necessary to determine if the two positions are incompatible. *Page 296 
In section 979.04(3), Stats., the Legislature granted to district attorneys the right to request coroners to conduct preliminary investigations regarding suspicious deaths. Under this subsection of the statute, a district attorney may determine the scope of any preliminary investigation. By the terms of the statute, any other investigation conducted by any law enforcement agency is not to be limited or prevented by the coroner's investigation. By making this division of investigative authority, the Legislature has demonstrated an intent to protect the integrity of separate investigations of suspicious deaths. 75 Op. Att'y Gen. 28, 31 (1986).
Because of the Legislature's desire to facilitate investigations by both the coroner and other law enforcement agencies, any individual simultaneously occupying the positions of coroner and tribal police officer could be confronted with a conflict of office. Conceivably, the district attorney could charge the coroner with the responsibility of conducting a limited investigation of a suspicious death, while the tribal and county police would be charged with conducting a separate, perhaps more thorough investigation. One employed as coroner and as tribal police officer would be required to operate under two conflicting sets of orders. Such a conflict could undermine the Legislature's grant of authority to the district attorney to decide the extent of a coroner's investigation.
Although limited state jurisdiction over the Menominee Tribe and tribe members may affect the coroner's jurisdiction on the reservation in individual cases, the coroner routinely works with the tribal police on cases involving tribe members. In most situations, one simultaneously occupying the positions of coroner and tribal police officer would not have to choose between orders given by the district attorney and orders given by the sheriff or the chief of the tribal police. A conflict could conceivably occur, however, where the one occupying both positions would have to disregard one set of orders in the effort to carry out the other set of orders. Such a choice is undesirable. The integrity of one investigation could be sacrificed for the integrity of the other. Public policy considerations thus dictate that coroners should not also serve as tribal police officers. The state thus has the authority to compel the one occupying the two offices to give up the position of coroner.
Another potential conflict presents itself in that section59.34(2) provides that the coroner shall exercise all the power and duties of sheriff where no sheriff or under-sheriff is available. The responsibilities *Page 297 
of the sheriff include supervising police personnel. Because there is a verbal agreement between the Menominee County sheriff and the tribal police providing for cross-deputization of county and tribal officers on an as-needed basis, the sheriff has the power in some situations to exercise authority over tribal police officers who are acting as deputy sheriffs. This power could be subject to abuse if the positions of tribal police officer and sheriff could potentially come to be embodied in one individual.
If the coroner took over as sheriff, the coroner could potentially exercise authority over one of the positions (tribal police officer/county deputy sheriff) which he himself occupies. Sound public policy does not permit one to occupy two employment positions, one of which exercises supervisory power over the other. Incompatibility exists where in the established governmental scheme one office is subordinate to another or subject to its supervision or control. Jones, 130 Wis. at 575-76. Incompatibility of offices does not disappear by virtue of the office-holder's impartiality or ability to separate the functions of the two offices. If the duties of the two offices are such that placed on one person they might or will conflict even on rare occasions, the offices are incompatible. See DeFeo v. Smith,17 N.J. 183, 110 A.2d 553 (1955).
Based on these considerations, it is my opinion that the positions of coroner and tribal police officer are incompatible. The one occupying these positions should thus give up one of them. Typically, by accepting a second office which is incompatible with a first office, one implicitly gives up the first position. Martin, 239 Wis. at 326; 77 Op. Att'y Gen. 256 (1988). The state cannot compel this result, however, because the first office is a tribal office. In this situation, the one occupying the two positions must give up the position of coroner.
While the positions of coroner and tribal police officer are incompatible, the positions of deputy coroner and tribal conservation warden are not incompatible. A deputy coroner has the authority to act in the coroner's name and on behalf of the coroner in matters on which the coroner has the authority to act. Section 59.365 provides that the coroner shall be responsible for the defaults or misconduct of deputy coroners.
Under section 29.07, the Legislature has provided that coroners, among others, are ex officio deputy conservation wardens and shall *Page 298 
assist the Department of Natural Resources in the enforcement of fish and game laws. The Legislature has thus implicitly determined that the positions of coroner and conservation warden are not incompatible. The Legislature's determination is probably conclusive. The functions of state conservation wardens and tribal conservation wardens are essentially the same. The duties of a deputy coroner and a tribal conservation warden thus do not overlap in a way that would give rise to an impermissible conflict of office. Because a deputy coroner exercises the functions of coroner and the position of coroner is not incompatible with the position of conservation warden, a deputy coroner probably can permissibly serve also as a tribal conservation warden.
DJH:JDN *Page 299