The Honorable Walter Kunicki Assembly Speaker Assembly Committee on Organization 119 Martin Luther King Jr. Boulevard Room 101 Madison, Wisconsin 53702
Dear Representative Kunicki:
On behalf of the Assembly Committee on Organization, you have asked whether the position of county housing director is a position of public employment and, if it is, whether holding that position is compatible with holding the office of county planning and zoning commissioner.
The doctrine of incompatibility applies when one office is superior in some respect to another, so that the duties exercised under each might conflict to the public detriment, State v.Jones, 130 Wis. 572, 575-76, 110 N.W. 431 (1907), and also applies "where the nature and duties of two offices [are] such as to render it improper from considerations of public policy for one person to discharge the duties of both." Martin v. Smith,239 Wis. 314, 326, 1 N.W.2d 163 (1941). The doctrine applies not only to public offices but to positions of public employment.Otradovec v. City of Green Bay, 118 Wis.2d 393, 395,347 N.W.2d 614 (Ct.App. 1984). Incompatibility of office or position requires the involvement of two governmental offices or positions. 63A Am. Jur. 2d Public Officers and Employees § 79 (1984). Therefore, if the executive director of the county housing authority is not a public employe, the doctrine does not apply.
A county housing authority is a "public body and a body corporate and politic, exercising public powers." Sec. 66.40 (9), Stats. The powers of the authority are vested in the commissioners of the authority. Sec. 66.40 (5)(a), Stats. The commissioners serve a term of office of five years, section 66.40 (5)(b), Stats., and employ the executive director. Sec. 66.40 (5)(c), Stats. Section 66.40 (8) provides that commissioners may be removed for inefficiency, neglect of duty or misconduct *Page 91 
in office and that removal is subject to the provisions of section17.16 which governs removals from various public offices. I conclude that a housing authority is a public body and the commissioners of the authority are public officers.
Because the executive director and other employes of a housing authority are subordinate to the commissioners, they hold positions of employment, not offices. Martin, 239 Wis. at 332-33. The employes of a housing authority are not employes of the municipality which created the authority, 64 Op. Att'y Gen. 106 (1975) and 45 Op. Att'y Gen. 180 (1956), but they are nevertheless public employes and the executive director of a housing authority holds a position of public employment. See also
35 Op. Att'y Gen. 58 (1946) (funds of municipal housing authorities are subject to the public deposits law).
A planning and zoning commission is authorized to act in all matters pertaining to county planning and zoning. It makes policy for the county in those areas. Sec. 59.97 (2)(bm), Stats. If the county has a county executive, the county executive appoints the commissioners for staggered three year terms. Sec. 59.97 (2)(a)3., Stats. If there is no county executive, the commissioners are designated as such by the county board and may or may not be members of the county board. Sec. 59.97 (2)(a), Stats. The commission "possess[es] a delegation . . . of the sovereign power of government to be exercised for the benefit of the public." Martin, 239 Wis. at 332, quoting State ex rel.Barney v. Hawkins, 79 Mont. 506, 257 Pac. 411, 53 A.L.R. 583 (1927). The members of a planning and zoning commission are, therefore, public officers.
Unlike the situation in Otradovec, where employment in a position in the assessor's office was incompatible with holding the office of member of the common council because the position was essentially subordinate to the office, the planning and zoning commission and the housing authority exist independently of each other; neither is subordinate to or superior to the other. But incompatibility also exists when sound public policy renders it *Page 92 
improper for one person to attempt to discharge the duties of both offices or positions. Otradovec, 118 Wis.2d at 396. "An incompatibility exists whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. If this is the governmental scheme, incompatibility must be found even though in practice a conflict of duty might never arise." Id.
It is possible that a housing authority would ask the county planning and zoning commission to change a zoning designation or waive zoning requirements for a housing authority project. In that situation, the authority's executive director would be in the position of voting as a member of the planning and zoning commission on his or her employer's application. In 77 Op. Att'y Gen. 150 (1988), this office held that the office of administrator of a county health care center was incompatible with the office of member of the county community programs board, because a board member would be "called upon to deal with the same board of trustees which functions as his superior in another context [on] issues affecting the very institution of which he or she is principal responsible operating officer." 77 Op. Att'y Gen. at 152. The same reasoning leads to the same conclusion here; the position and office are incompatible. It does not matter whether conflicts exist in all or a greater part of the function of the office and position. Otradovec, 118 Wis.2d at 397,Jones, 130 Wis. at 575-76. Incompatibility may exist even if the duties of the offices would conflict only on rare occasions. 63A Am. Jur. 2d Public Officers and Employees § 78 (1984).
An employe of the housing authority who served as a member of the planning and zoning commission might very well be required to choose between his or her obligation as an employe of the housing authority and his or her obligation as a commissioner if the housing authority had a matter pending before the commission. Although it could be argued that the mere possibility that the housing authority's business may require *Page 93 
planning and zoning commission action should not lead to a finding of incompatibility, Wisconsin precedent, and sound public policy, persuade me that the better conclusion is that an executive director of a housing authority may not also serve as a member of a planning and zoning commission.
Under the common law a person who accepts an incompatible office vacates or by implication resigns, the first office or position. The conclusion that there is incompatibility, therefore, is also the most prudent advice to any individual considering holding both the office and the position.
Sincerely,
 James E. Doyle Attorney General *Page 94