F.L. THOMAS; Celeste Mori; Alvin Rangitsch; Clyde Huntsman; and Vicki Kulinsky, Appellants (Plaintiffs),

v.

Ronald DREMMEL, Appellee (Defendant).

No. 93–92.

Supreme Court of Wyoming.

Feb. 4, 1994.

Tracy J. Copenhaver and R. Scott Kath of Copenhaver, Kath & Kitchen, Powell, for appellants.

Ronald Dremmel, pro se.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

In this appeal, we review a judgment of the district court which found that Ronald Dremmel could remain in his job as an employee of Lincoln County School District No. 1 and, at the same time, sit as an elected member of the Board of Trustees of that school district.

We reverse.

Appellants, electors in the school district, furnish this summary of the issues on appeal:

1. The lower court erred in ruling that the appellee was eligible to hold the office of trustee for Lincoln County School District No. 1 when the appellee's position as a full-time employee for Lincoln County School District No. 1 was, and is, incompatible and inconsistent with appellee's also serving as a trustee of the same school district.

2. The lower court erred in not granting the declaratory judgment relief sought by appellants wherein appellants requested that the court declare that the positions of

an employee for a school district and a member of the board of trustees for the same school district are incompatible and inconsistent such that said employee is not qualified, while an employee, to hold the position of trustee for that same school district.

Ronald Dremmel (Dremmel) generally contends the district court was correct in its determination that his job as a maintenance man for the school district and his office as a member of the Board of Trustees for that school district do not present a conflict of interest and he may hold both positions at the same time.

During the general election in 1992, Dremmel was elected as a member of the Board of Trustees for Lincoln County School District No. 1. The results of the election were certified by the canvassing board on November 6, 1992, and Dremmel's term of office began on December 1, 1992. Appellants, electors in the affected school district, brought this action seeking a declaration that Dremmel could not be an employee of the school district and, at the same time, be a member of the Board of Trustees of the school district because that violated the common law rule governing incompatibility of offices. The district court denied relief, finding that the voters in the school district were aware that Dremmel was an employee of the school district when they elected him and because conflict of interest mechanisms provided relief from the incompatibility issue.

We clearly decided the question at issue here in *Haskins v. State ex rel. Harrington*, 516 P.2d 1171 (Wyo.1973). The reasoning employed in that decision is equally applicable to this matter, i.e., "it is inimical to the public interest for one in public employment to be both the employer and the employee or the supervisor and the supervised." *Id.* at 1178. Our decision in *Haskins*, and our ruling today to hold to that course, is strongly supported by several other jurisdictions, including many that relied, at least in part,

upon our holding in *Haskins*. *Acevedo v. City of North Pole*, 672 P.2d 130, 134 (Alaska 1983); *Montrose County School Dist. Re–1J v. Lambert*, 826 P.2d 349, 352 (Colo.1992); *Rogers v. Village of Tinley Park*, 116 Ill. App.3d 437, 72 Ill.Dec. 1, 451 N.E.2d 1324, 1330 (1983); *Tarpo v. Bowman Public School Dist. No. 1*, 232 N.W.2d 67, 71 (N.D.1975); *Cranston Teachers Alliance Local No. 1704 AFT v. Miele*, 495 A.2d 233, 237 (R.I.1985); *Ortadovec v. City of Green Bay*, 118 Wis.2d 393, 347 N.W.2d 614, 616 (1984). Dremmel failed to provide persuasive reasoning for departing from the rule stated in *Haskins*.

Dremmel's wife was also employed by the school district as a teacher and a claim was made that her employment also served to disqualify Dremmel from holding office as a member of the Board of Trustees. This question was addressed in *Coyne v. State ex rel. Thomas*, 595 P.2d 970 (Wyo.1979). However, since we now hold that Dremmel's employment with the school district disqualifies him from serving as a member of the board of trustees, it is unnecessary for us to further consider the question here.

In their reply brief, appellants contend we should disregard Dremmel's argument because of Dremmel's failure to conform to the Wyoming Rules of Appellate Procedure. For obvious reasons, we decline to address this issue.

We are, thus, compelled to reverse the decision of the district court and remand with directions that a judgment be entered declaring that the office held by Dremmel as a member of the Board of Trustees for the Lincoln County School District No. 1 be vacated.[1]

---

1. In *Haskins*, we held that circumstances such as those extant here (assertion of right to hold both employment and office) require that the position as a member of the board of trustees be vacated. *Haskins*, 516 P.2d at 1180. Some jurisdictions would afford a choice to Dremmel, i.e., he must resign one or the other. *See Tarpo*, 232 N.W.2d at 71 and *Ortadovec*, 347 N.W.2d at 616. However, since no such relief was sought by Dremmel in the event this court chose to reverse, we will apply *Haskins* as it stands.